CV 06 5724

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 24 2006 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COUNTY OF NASSAU, NEW YORK, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HOTELS.COM, LP; HOTELS.COM GP, LLC; HOTWIRE, INC.; TRIP NETWORK, INC. (D/B/A CHEAPTICKETS.COM); CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC.; EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (D/B/A LODGING.COM); LOWESTFARE.COM, INC.; MAUPINTOUR HOLDING, LLC; ORBITZ, INC.; ORBITZ, LLC; PRICELINE.COM, INC.; SITE59.COM, LLC; TRAVELOCITY.COM, INC.; TRAVELOCITY.COM, LP; TRAVELWEB, LLC; and TRAVELNOW.COM, INC., <br><br> Defendants. | (S.T.) <br><br> Civil Action No. <br><br> ECF CASE <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY DEMANDED** <br><br> SPATT, J. <br><br> WALL, M.J. |

## NATURE OF THE ACTION

1.   Plaintiff, Nassau County, by its attorneys, on behalf of itself and all others similarly situated (*i.e.* the "Class" described and defined below in ¶ 34), brings this class action against Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), for claims relating to Defendants' failure to fully remit hotel and motel occupancy taxes ("hotel taxes") due and owing to the Class members.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (hereinafter "CAFA") and 28

U.S.C. § 1332(d) (as amended by CAFA) because the matter in controversy exceeds the sum or value of $5,000,000 and because the matter is commenced as a class action in which certain Defendants, unlike the members of the Class, are not citizens of the State of New York.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district, and a substantial part of property that is the subject of this action is situated in this judicial district.

## PARTIES

4. Plaintiff is the County of Nassau, New York.

5. Defendant Hotels.com, LP is a Delaware limited partnership with its principal place of business in Dallas, Texas.

6. Defendant Hotels.com GP, LLC is a Texas corporation with its principal place of business in Dallas, Texas.

7. Defendant Hotwire, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.

8. Defendant Trip Network, Inc. (d/b/a Cheaptickets.com) is a Delaware corporation with its principal place of business in Chicago, Illinois.

9. Defendant Cendant Travel Distribution Services Group, Inc. is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

10. Defendant Expedia, Inc. is a Washington corporation with its principal place business in Bellevue, Washington.

11. Defendant Internetwork Publishing Corp. (d/b/a Lodging.com) is a Florida corporation with its principal place of business in Boca Raton, Florida.

12. Defendant Lowestfare.com, Inc. is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

13. Defendant Maupintour Holding, LLC is a Nevada corporation with its principal place of business in Summerlin, Nevada.

14. Defendant Orbitz, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois.

15. Defendant Orbitz, LLC is a Delaware corporation with its principal place of business in Chicago, Illinois.

16. Defendant Priceline.com, Inc. is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

17. Defendant Site59.com, LLC is a Delaware corporation with its principal place of business in New York, New York.

18. Defendant Travelocity.com, Inc. is a Delaware corporation with its principal place of business in Fort Worth, Texas.

19. Defendant Travelocity.com, LP is a Delaware corporation with its principal place of business in Southlake, Texas.

20. Defendant Travelweb, LLC is a Delaware corporation with its principal place of business in Dallas, Texas.

21. Defendant Travelnow.com, Inc. is a Delaware corporation with its principal place of business in Springfield, Missouri.

22. Upon information and belief, many of the Defendants are affiliated through a common corporate parent as follows:

(a) Defendants Expedia, Inc. (Washington); Hotels.com, LP; Hotels.com GP, LLC; Hotwire, Inc.; and Travelnow.com are affiliated business entities, related through the common corporate parent Expedia, Inc., a Delaware corporation.

(b) Defendants Cendant Travel Distribution Services Group, Inc.; Orbitz, Inc.; Orbitz, LLC; Trip Network, Inc. d/b/a Cheaptickets.com; and Internetwork Publishing Corp. d/b/a/ Lodging.com, are affiliated business entities, related through the common corporate parent Cendant Corporation, a Delaware corporation.

(c) Defendants Site59.com, LLC; Travelocity.com, Inc.; and Travelocity.com, LP are affiliated business entities, related through the common corporate parent Sabre Holdings Corporation, a Delaware corporation.

(d) Defendants Priceline.com, Inc.; Lowestfare.com, Inc.; and Travelweb, LLC are all affiliated business entities, related through the common corporate parent Priceline.Com, Inc., a Delaware corporation.

(e) Defendant Lowestfare.com, Inc. is a wholly owned subsidiary of Priceline.com, Inc. In 2002, Priceline.Com, Inc. purchased the Internet URL and trademarks of Lowestfare.com and formed a subsidiary corporation, Lowestfare.com, Inc. (Delaware).

(f) Defendant Maupintour Holding, LLC is a Nevada limited liability company. Maupintour Holding, LLC is the successor in interest of Lowestfare.com, Inc., a Nevada corporation that is/was a subsidiary of Lowestfare.com LLC, a Nevada limited liability company. Defendant Maupintour Holding, LLC is a direct or indirect subsidiary of Vauxhall, LLC, a Nevada limited liability company.

4

23. The true names and capacities, whether individual, corporate, associate or otherwise, of certain additional Defendants is unknown to Plaintiff at this time. Plaintiff will ask leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of those additional Defendants is legally responsible in some manner and liable for the events and happenings herein alleged, and in such manner, proximately caused damages to the Class members as hereinafter further alleged.

24. Plaintiff is informed and believes, and thereon alleges, that some of the Defendants, at all times hereinafter mentioned, were acting as the agent, servant and employee of some or all of the other Defendants and within the scope of said agency and employment. Plaintiff is further informed and believes and thereon alleges that at the time and place of the incidents described, each of the Defendants, their agents, servants and/or employees became liable to the Class members for one or more of the reasons described herein.

## FACTUAL ALLEGATIONS

25. Defendants are online sellers and/or online resellers of hotel rooms to the general public. Defendants have sold hotel rooms to the public and collected hotel taxes on those rooms, but have failed to fully remit the taxes on these transactions due and owing to the Class members.

26. N.Y. Tax § 1202-q(1) authorizes Plaintiff to impose a hotel tax upon "persons occupying hotel or motel rooms in such county. . . . The rate of such tax shall not exceed three percent of the per diem rental rate for each room . . ." With respect to the collection and remittance of such tax, § 1202-q(3) provides:

> Such local laws may provide that any tax imposed shall be paid by the person liable therefore to the owner of the hotel or motel room occupied **or to the person entitled to**

<u>**be paid the rent or charge for the hotel or motel room occupied for and on account of Nassau imposing the tax and that such owner or person entitled to be paid the rent or charge shall be liable for the collection and payment of the tax . . .**</u>
(Emphasis Added).

27. Consistent with N.Y. Tax § 1202-q, Plaintiff's Hotel and Motel Occupancy Tax Law ("Nassau County's Hotel Tax Law") requires Defendants to collect and remit hotel taxes (currently set at three percent) to Nassau County. *See* Nassau County, N.Y., Misc. Local Laws tit. 24 (2006). The other Class members are also authorized to, and have, instituted similar hotel tax laws (collectively the "Hotel Tax Laws") requiring Defendants to collect and remit hotel taxes on the rental of hotel rooms. *See* N.Y. Tax § 1201, *et seq.*

28. In addition to the rental price of hotel rooms in Nassau County, most consumer occupants are required to pay a hotel tax. Pursuant to §3(A) of Title 24 of the Miscellaneous Local Laws of Nassau County ("Local Laws"), "[t]here is hereby imposed a hotel and motel occupancy tax in the County of Nassau at a rate of three percent of the per diem rental rate for each room, provided however, that such tax shall not be applicable to a permanent resident of such hotel and motel."

29. That tax is to be paid by the hotel occupants and collected on behalf of Plaintiff by Defendants. §3(D) of Title 24 of the Local Laws states that:

Such tax shall be paid by the person liable therefore to the owner of the hotel or motel room occupied <u>**or to the person entitled to be paid the rent or charge for the hotel or motel room occupied for and on account of the County of Nassau imposing the tax and that such owner or person entitled to be paid the rent or charge shall be liable for the collection and payment of the tax . . .**</u>
(Emphasis Added).

30. The amount of the hotel tax is correctly calculated as a percentage of the price each consumer occupant pays each Defendant for a hotel room. That is the amount each Defendant is required to remit to each Class member. *See* Nassau County, N.Y., Misc. Local

6

Laws tit. 24, §3 (2006). Defendants have failed to remit the proper tax amounts, underpaying each Class member for the taxes due and owing.

31. Defendants contract with hotels for rooms at negotiated discounted room rates. Defendants then mark up their inventory of rooms and sell the rooms to the members of the public, who actually occupy the rooms. While Defendants charge and collect hotel taxes from occupants based on the marked up room rates, they only remit to the Class members tax amounts based on the lower, negotiated room rates. Defendants unlawfully pocket the difference.

32. For example, if a consumer pays Hotels.com $100.00 for a hotel room in Nassau County, Hotels.com calculates the hotel tax the consumer pays on that "gross" amount ($100.00). Thus, the amount of tax collected by Hotels.com and due to the County is three percent of $100 ($3.00). However, the amount remitted to the County has been based on the lower "net" rate at which Hotels.com obtains the room, for instance $60. In this illustration, Hotels.com would only remit $1.80 (3% of $60.00) instead of the $3.00 it actually owed the County (3% of $100.00). Hotels.com, therefore, keeps a hidden and unlawfully retained profit of $1.20, thereby depriving Plaintiff of over 40% of the taxes due on that transaction.

## CLASS ACTION ALLEGATIONS

33. Plaintiff requests that the Court certify its claims as a class action. It seeks relief for (a) violations of Nassau County's Hotel Tax Law (Nassau County, N.Y., Misc. Local Laws tit. 24) and the Hotels Tax Laws of the Class; (b) Conversion; and (c) Unjust Enrichment. Further, Plaintiff seeks the imposition of a Constructive Trust.

34. Plaintiff seeks to certify a state-wide class of all New York cities, counties and other local governmental entities that have imposed hotel taxes since March 1, 1995. Each and every member of the Class herein is located in New York State and is a governmental entity.

35. Plaintiff brings this action pursuant to Rule 23 of the FRCP. The Class meets the prerequisites for the maintenance of a class action in that:

    (a) The Class is so numerous that joinder of all Class members is impracticable. Plaintiff is informed and believes that the practices complained of herein affected numerous cities and counties, although the exact number and identities of the members of the Class are currently unknown to Plaintiff.

    (b) Nearly all factual, legal, and statutory relief issues that are raised in this Complaint are common to each of the members of the Class and will apply uniformly to every member of the Class;

    (c) The claims of the representative Plaintiff are typical of the claims of each member of the Class. Plaintiff, like all other members of the Class, sustained damages arising from Defendants' violations of law, including (1) the Hotel Tax Laws; (2) Conversion; and (3) Unjust Enrichment. The representative Plaintiff and the other members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct;

    (d) The representative Plaintiff will fairly and adequately represent and protect the interests of the Class. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate; and

    (e) The counsel selected to represent the Class will fairly and adequately protect the interests of the Class. They are lawyers who have experience in complex litigation and are competent counsel for this class action litigation.

Counsel for the Class will vigorously assert the claims of all members of the Class.

36. This action is properly maintained as a class action in that common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

(a) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

(b) The impracticability or inefficiency of prosecuting or defending separate actions;

(c) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

(d) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(e) The difficulties likely to be encountered in the management of a class action.

37. Among the numerous questions of law and fact common to the Class are:

(a) Whether the Defendants have violated the Hotel Tax Laws;

(b) Whether Defendants have committed acts of conversion;

(c) Whether Defendants have been unjustly enriched; and

(d) Whether the Class is entitled to the imposition of a constructive trust.

## FRAUDULENT CONCEALMENT

38. Defendants have fraudulently concealed from the Class the true amount of the hotel taxes collected but not remitted to the Class members. Plaintiff is informed and believes that certain Defendants began providing internet-based hotel booking services as early as March 1, 1995.

39. Defendants' unlawful actions were wrongfully concealed and carried out in a manner which precluded detection. Defendants conducted activities in furtherance of its attempts to unlawfully withhold hotel taxes due and owing to the Class members.

40. Because of the fraudulent concealment, any applicable statute of limitations affecting or limiting the rights of action by members of the Class has been tolled.

## COUNT I

## VIOLATIONS OF THE HOTEL TAX LAWS

41. Plaintiff incorporates each of the above allegations by reference as if set forth herein.

42. Plaintiff and the other Class members are granted the authority to collect and pursue hotel taxes pursuant to N.Y. Tax § 1201, *et seq*.

43. Defendants have failed to collect and remit to the Class members the amounts due and owing to them pursuant to Nassau County, N.Y., Misc. Local Laws tit. 24 and the other Hotel Tax Laws.

44. By reason of the foregoing, the Class members are entitled to damages, penalties and interest as provided for by law.

## COUNT II

### CONVERSION

45. Plaintiff incorporates each of the above allegations by reference as if set forth herein.

46. At all times herein mentioned, the Class members were, and are, the sole rightful owners of the hotel taxes due and owing to them.

47. At all times herein mentioned, the monies due and owing to the Class members were in the possession and under the control of Defendants.

48. Defendants have taken these monies for their own use and benefit, thereby permanently depriving the Class members of the use and benefit thereof.

49. By reason of the foregoing, the Class members have been damaged and continue to incur damages.

50. Defendants acted willfully, wantonly, with oppression, and with a conscious disregard of the rights of the Class members, such that Plaintiff requests that the trier of fact, in the exercise of sound discretion, award the Class additional damages for the sake of example and in sufficient amount to punish Defendants for their conduct.

## COUNT III

### UNJUST ENRICHMENT

51. Plaintiff incorporates each of the above allegations by reference as if set forth herein.

52. At all times herein mentioned, the Class members were, and are, the sole rightful owners of the hotel taxes due and owing to them.

53. At all times herein mentioned, the monies due and owing to the Class members were in the possession and under the control of Defendants.

54. Defendants have taken these monies for their own use and benefit, thereby permanently depriving the Class members of the use and benefit thereof.

55. Defendants acted willfully, wantonly, with oppression, and with a conscious disregard of the rights of the Class members.

56. Defendants, through the wrongful conduct described above, have been unjustly enriched.

57. In equity and good conscience, it would be unjust and inequitable to permit Defendants to enrich themselves at the Class' expense.

58. By reason of the foregoing, Defendants must disgorge their unjustly acquired profits and other monetary benefits resulting from their unlawful conduct and provide restitution and/or rescission to the Class members.

### COUNT IV

### IMPOSITION OF A CONSTRUCTIVE TRUST

59. Plaintiff incorporates each of the above allegations by reference as if set forth herein.

60. At all times herein mentioned, the monies due and owing to the Class members were in the possession and under the control of Defendants.

61. Defendants have taken this property for their own use and benefit, thereby depriving the Class members of the use and benefit thereof. The Class members have been damaged by their failure to receive the monies.

62. By virtue of Defendants' actions, Defendants hold these funds as constructive trustee for the benefit of the Class.

63. Plaintiff requests an order that Defendants be directed to give possession thereof to the Class.

**WHEREFORE**, Plaintiff, on behalf of itself and the Class, prays for:

(a) An order certifying this case as a class action;

(b) Judgment against Defendants and in favor of Plaintiff and the Class on all claims asserted in this Complaint;

(c) Restitution and disgorgement of the monies due and owing to Plaintiff and the Class plus interest due thereon at the legal rate and/or as established by each Class member's Hotel Tax Law;

(d) Costs of suit incurred herein, including reasonable attorneys' fees;

(e) Prejudgment and post-judgment interest to the maximum extent allowed by law;

(f) Such other and further relief as this Court may deem just and proper.

Dated: October 23, 2006

*[signature]*

Lorna Goodman, Esq. (LG 0561)
Nassau County Attorney
Office of the Nassau County Attorney
1 West Street
Mineola, NY 11501

Peter J. Clines, Esq. (PC 7661)
Chief, Bureau of Affirmative Litigation
Office of the Nassau County Attorney
1 West Street
Mineola, NY 11501

13

Special Counsel to the County of Nassau

Robert S. Schachter (RS 7243)
**ZWERLING SCHACHTER
& ZWERLING, LLP**
990 Stewart Avenue
Suite 600
Garden City, NY  11530
Tel.: (516) 832-9600
Fax: (516) 832-9605

Joseph Lipofsky (JL 0971)
Paul Kleidman (PK 5209)
**ZWERLING SCHACHTER
& ZWERLING, LLP**
41 Madison Avenue, 32nd Floor
New York, New York 10010
Tel: (212) 223-3900
Fax: (212) 371-5969