**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COUNTY OF NASSAU, NEW YORK, on behalf of itself and all others similarly situated, | Case No.  2:06-cv-05724-ADS-WDW |
| Plaintiff, | |
| vs. | |
| HOTELS.COM, LP; HOTELS.COM GP, LLC; HOTWIRE, INC.; TRIP NETWORK, INC. (D/B/A CHEAPTICKETS.COM); CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC.; EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (D/B/A LODGING.COM); LOWESTFARE.COM, INC.; MAUPINTOUR HOLDING, LLC; ORBITZ, INC.; ORBITZ, LLC; PRICELINE.COM, INC.; SITE59.COM, LLC; TRAVELOCITY.COM, INC.; TRAVELOCITY.COM, LP; TRAVELWEB, LLC; and TRAVELNOW.COM, INC., | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, AND IN THE ALTERNATIVE, TO STRIKE** |
| Defendants. | |

Matthew D'Amore (MD-8229)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
e-mail: mdamore@mofo.com

Attorneys for Defendants Site59.com, LLC;
Travelocity.com, Inc.; Travelocity.com LP;
Orbitz, Inc.; Orbitz, LLC; Internetwork
Publishing Corp. (d/b/a Lodging.com); Trip
Network, Inc. (d/b/a Cheap Tickets.Com);
Travelport Inc. (f/k/a Cendant Travel
Distribution Services Group, Inc.);
Hotels.com, L.P.; Hotels.com GP, LLC;
Hotwire, Inc.; Expedia, Inc.; TravelNow.com,
Inc.; and Maupintour Holding, LLC

Susan L. Saltzstein (SS-1907)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
4 Times Square
New York, New York 10036-6522
Telephone: (212) 735-4132
Facsimile: (917) 777-4132
e-mail: ssaltzst@skadden.com

Attorneys for Defendants priceline.com
Incorporated; Lowestfare.com
Incorporated; and Travelweb LLC

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    RELEVANT FACTUAL BACKGROUND ..................................................... 3

    A.    The Complaint's Allegations and the Services Provided by the Online
        Travel Company Defendants ................................................................ 3

    B.    The State Statutory Framework Governing Hotel Taxes ...................... 4

        1.    The New York State Hotel Tax and the State Department of
               Taxation's Ruling Concerning the Defendants ........................... 4

        2.    The Enabling Legislation for Imposition of Local Hotel Taxes ............... 5

    C.    The Nassau County Hotel Tax Ordinance ........................................... 5

III.   LEGAL STANDARDS .................................................................................. 6

IV.   JURISDICTION IS LACKING HERE BECAUSE THE COUNTY HAS FAILED
    TO EXHAUST ITS MANDATORY ADMINISTRATIVE PROCESSES FOR
    ASSESSING AND COLLECTING LOCAL TAXES ...................................... 6

V.    PLAINTIFF'S FIRST CLAIM FOR RELIEF FAILS BECAUSE DEFENDANTS
    ARE NOT SUBJECT TO THE COUNTY'S HOTEL TAX ............................ 9

    A.    Defendants Are Not Hotel "Owners" Obligated to Collect and Remit the
        Local Hotel Tax .................................................................................. 9

    B.    Defendants Are Not Persons "Entitled to Be Paid the Rent" for Rooms
        Reserved Through Their Websites ...................................................... 10

    C.    The County's Proffered Interpretation of Its Local Tax Ordinance Is
        Contrary to Law and Plaintiff's Own Application of It ...................... 12

        1.    The Tax Statutes Must Be Construed Strictly in Favor of
               the Defendants ......................................................................... 12

        2.    The County's Registration Requirements Mandate That the Hotel
               Owners, Not Defendants, Register With the County and Collect the
               Local Hotel Tax from the Hotel's Occupants ........................... 13

VI.   PLAINTIFF'S COMMON LAW CLAIMS ALSO FAIL AS A MATTER
    OF LAW .................................................................................................... 14

    A.    The County Has Failed to State a Claim for Conversion ..................... 14

    B.    Plaintiff's Claim for Unjust Enrichment Fails as a Matter of Law ...................... 15

**TABLE OF CONTENTS**
(continued)

**Page**

C.     Plaintiff's Claim for a Constructive Trust Fails as a Matter of Law ................... 15

VII.    PLAINTIFF'S ALLEGATIONS OF FRAUDULENT CONCEALMENT FAIL
TO MEET THE PLEADING STANDARDS REQUIRED BY RULE 9(B) AND
SHOULD BE STRICKEN ........................................................................................... 16

VIII.   CONCLUSION ........................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

## <u>CASES</u>

*Bankers Trust Corp. v. N.Y. City Dep't of Fin.*,
    1 N.Y.3d 315, 773 N.Y.S.2d 1 (2003) ..................................................................... 8

*Benziger v. United States*,
    192 U.S. 38 (1904) ................................................................................................. 13

*CBS Broad., Inc. v. Jones*,
    05 Civ. 10620, 2006 U.S. Dist. LEXIS 80592 (S.D.N.Y. Nov. 2, 2006) ................ 15

*Ciambriello v. County of Nassau*,
    292 F.3d 307 (2d Cir. 2002) ..................................................................................... 7

*City of Atlanta v. Hotels.com*,
    No. 2006-CV-114732, 2006 WL 3728957 (Ga. Super. Ct. Dec. 11, 2006) ............... 8

*City of Philadelphia v. Hotels.com*,
    No. 860, 2006 Phila. Ct. Com. Pl. LEXIS 218 (Phila. Ct. Com. Pl. May 25, 2006) ............. 1, 9

*Commissioner v. Morris*,
    90 F.2d 962 (2d Cir. 1937) ..................................................................................... 13

*Curry v. N.Y. State Dep't of Tax. & Fin.*,
    196 A.D.2d 422, 601 N.Y.S.2d 6 (1st Dep't 1993) ................................................... 8

*De Jesus v. Sears, Roebuck & Co.*,
    87 F.3d 65 (2d Cir. 1996) ......................................................................................... 6

*Debevoise & Plimpton v. N.Y. State Dep't of Tax. & Fin.*,
    80 N.Y.2d 657, 593 N.Y.S.2d 974 (1993) ............................................................. 12

*Dewsnup v. Timm*,
    502 U.S. 410 (1992) .............................................................................................. 14

*Dover Ltd. v. A.B. Watley, Inc.*,
    423 F. Supp. 2d 303 (S.D.N.Y. 2006) .................................................................... 15

*Edward v. Wabash Ry. Co.*,
    264 F. 610 (2d Cir. 1920) ....................................................................................... 13

*Esden v. Bank of Boston*,
    229 F.3d 154 (2d Cir. 2000) ................................................................................... 11

*Franklin St. Dev. Ltd. v. Bilow & Goldberg & Assocs.*,
    96 Civ. 0812, 1997 U.S. Dist. LEXIS 20580 (S.D.N.Y. Dec. 30, 1997) .................. 6

*Fraser v. Doubleday & Co.*,
    587 F. Supp. 1284 (S.D.N.Y. 1984) ....................................................................... 15

*Gould v. Gould*,
    245 U.S. 151 (1917) .......................................................................................... 2, 12

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Harold Levinson Assocs., Inc. v. N.Y. State Dep't of Tax. & Fin.*,
   10 Misc. 3d 1065A, 814 N.Y.S.2d 561 (N.Y. Cty. Sup. Ct. 2005)............................................8

*Hayden v. Pataki*,
   449 F.3d 305 (2d Cir. 2006).................................................................................................11

*In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*,
   00 Civ. 7804, 2004 U.S. Dist. LEXIS 3892 (S.D.N.Y. Mar. 12,2004)....................................16

*In re Natural Gas Commodity Litig.*,
   337 F. Supp. 2d 498 (S.D.N.Y. 2004)....................................................................................17

*In re Nine West Shoes Antitrust Litig.*,
   80 F. Supp. 2d 181 (S.D.N.Y. 2000)......................................................................................17

*King v. St. Vincent's Hosp.*,
   502 U.S. 215 (1991)..............................................................................................................14

*Lanza v. Merrill Lynch & Co.*,
   154 F.3d 56 (2d Cir. 1998)....................................................................................................16

*Miami-Dade County v. Internetwork Pub. Corp.*,
   Case No. 06-19187-CA (Fla. Cir. Ct. Jan. 17. 2007)..............................................................9

*Nico v. Commissioner*,
   565 F.2d 1234 (2d Cir. 1977)................................................................................................12

*Rodgers v. Roulette Records, Inc.*,
   677 F. Supp. 731 (S.D.N.Y. 1988).........................................................................................15

*Smith v. Chase Manhattan Bank, USA, N.A*,
   293 A.D.2d 596, 741 N.Y.S.2d 100 (2d Dep't 2002) .............................................................15

*Stafford v. Briggs*,
   444 U.S. 527 (1980)..............................................................................................................14

*Superintendent of Ins. v. Ochs*,
   377 F.3d 209 (2d Cir. 2004)..................................................................................................16

*TCG N.Y., Inc. v. City of White Plains*,
   305 F.3d 67 (2d Cir. 2003)......................................................................................................7

*Tese-Milner v. TPAC, LLC*,
   313 B.R. 46 (Bankr. S.D.N.Y. 2004)......................................................................................15

*United States v. Merriam*,
   263 U.S. 179 (1923)..............................................................................................................13

*Yurman Design, Inc. v. Chaindom Enters.*,
   99 Civ. 9307, 2002 U.S. Dist. LEXIS 18329 (S.D.N.Y. Sept. 30, 2002) ................................16

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

## STATUTES, RULES AND REGULATIONS

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 6

Fed. R. Civ. P. 12(f) .............................................................................................. 16

Fed. R. Civ. P. 9(b) ............................................................................................ 2, 16

N.Y. Tax Law § 1101 .......................................................................................... 4, 10

N.Y. Tax Law § 1105 .............................................................................................. 4

N.Y. Tax Law § 1131 .............................................................................................. 4

N.Y. Tax Law § 1202-q ....................................................................................... 5, 10

Nassau Cty. Admin. Code Ch. 4, Title B § 4-2.4 ........................................................ 7

Nassau Cty. Admin. Code Ch. 5, Title B § 5-98.0 ...................................................... 7

Nassau Cty. Admin. Code Ch. 5, Title B § 5-99.0 ...................................................... 7

Nassau Cty. Misc. Code of Laws, Title 24, § 3 .................................................... passim

Nassau Cty. Misc. Code of Laws, Title 24, § 7 ...................................................... 1, 7

New York Civil Practice and Law Rules, article 78 .................................................... 7

## OTHER AUTHORITIES

N.Y. State Assembly 6789-B, Ch. 511 (N.Y. 1994) ........................................... 9, 11, 14

Webster's New College Dictionary (Wiley Pub. 2005) ............................................. 11

## I.     INTRODUCTION

Plaintiff County of Nassau ("Plaintiff" or the "County") alleges that 17 online travel company defendants that facilitate consumers' booking of hotel room reservations with third-party hotels have failed to pay local hotel taxes that by law are to be collected and remitted by the local hotels themselves.  The complaint fails to state a claim for relief.

First, Plaintiff's failure to exhaust its mandatory administrative processes for assessing and collecting local taxes allegedly owed by Defendants renders subject matter jurisdiction lacking here.  *See, e.g., City of Philadelphia v. Hotels.com*, No. 860, 2006 Phila. Ct. Com. Pl. LEXIS 218, at *8 (Phila. Ct. Com. Pl. May 25, 2006) (dismissing action against online travel company Defendants for failure to exhaust administrative remedies).  Plaintiff does not and cannot allege that the County has made an assessment of taxes owed by Defendants and provided them notice of that determination and the amounts allegedly owed.  Plaintiff also does not (and cannot) allege that the County has afforded Defendants their statutory right to an administrative hearing to address any tax assessment made under the local ordinance.  Only a "final" determination of tax liability by the County may be the subject of litigation.  *See* Nassau Cty. Misc. Code of Laws (hereinafter "Nassau Cty. Code"), Title 24, § 7(A).  Where, as here, a taxing authority has failed to comply with its own administrative processes, dismissal is required.

Second, Plaintiff's claims fail on the merits because they are based on the erroneous legal conclusion that Defendants have a statutory duty to collect and remit to the County local hotel taxes.  The hotel tax at issue here is a three-percent tax imposed upon "persons occupying hotel or motel rooms" in Nassau County.  The County's tax ordinance imposes collection, reporting and remittance requirements only on hotel owners or persons otherwise "entitled to be paid the rent" for hotel rooms.  Nassau Cty. Code, Title 24, § 3.  Defendants publish travel-related information through their websites about hotels owned and operated by third parties, and

1

facilitate the making of room reservations between those hotels and consumers.  They are not alleged to (and do not) own or operate any hotel in Nassau County or elsewhere, and are not alleged to (and do not) provide any local services related to the rental of hotel rooms.  They are neither hotel owners nor persons paid rent for hotel rooms.  The ordinance does not apply to Defendants' Internet-based services or the fees that Defendants retain for those services.

The County's claims are irreconcilable with a ruling by the New York Tax Board, which determined that online travel companies such as Defendants are not hotel owners or operators subject to an analogous state hotel tax.  (*See* Def.'s Request for Judicial Notice ["RJN"] Ex. A.) No basis exists for interpreting the County's ordinance as granting the local taxing authority broader reach to levy taxes than that of the State of New York.  Plaintiff's assertion that Defendants are subject to the ordinance's collection and remittance requirements also is inconsistent with the County's own registration requirements, which allow only hotel "owners" to register and obtain a certificate to collect taxes.  *See* Nassau Cty. Code, Title 24, § 3(C).

In cases of doubt, tax ordinances "are construed most strongly against the Government, and in favor of the citizen."  *Gould v. Gould*, 245 U.S. 151, 153 (1917).  Applying well-settled principles of statutory construction, the County's tax ordinance does not apply to Defendants.

Third, Plaintiff's claims for conversion, unjust enrichment, and imposition of a constructive trust are derivative of the County's failed argument that Defendants' services are taxable under the local ordinance, and fail for the same reasons.  Plaintiff also has failed to allege the required elements for those claims.  Plaintiff's common law claims must be dismissed.

Finally, the County alleges in boilerplate fashion that Defendants have engaged in "fraudulent concealment" of the amount of hotel taxes collected.  That bare allegation does not satisfy the heightened pleading standard required by the Federal Rules.  *See* Fed. R. Civ. P. 9(b). The allegations of "fraudulent concealment" should be stricken.

Accordingly, Defendants respectfully submit that the complaint should be dismissed with prejudice.

## II.     RELEVANT FACTUAL BACKGROUND

### A.     The Complaint's Allegations and the Services Provided by the Online Travel Company Defendants

The County alleges that Defendants have violated a local tax ordinance by failing to remit "tax amounts due and owing" to Plaintiff (Count I).  (Compl. ¶¶ 41-44.)  The complaint also alleges dependent claims for conversion (Count II), unjust enrichment (Count III), and imposition of a constructive trust (Count IV).  (Compl. ¶¶ 41-63.)  Each claim incorporates by reference a critical, but incorrect, conclusion of law – *i.e.*, that Defendants are statutorily obligated to collect and remit local hotel taxes to the County and putative class members.

Plaintiff alleges in conclusory fashion that Defendants "are online sellers and/or online resellers" of hotel rooms.  (Compl. ¶ 25.)  Specifically, the complaint alleges that Defendants contract with hotels for rooms at discounted rates and then advertise the rooms at a higher price.  (*Id.* ¶ 31.)  It alleges further that Defendants pay hotel taxes, but does not allege an essential prerequisite – that the County has Defendants on its registers of persons required to pay local hotel taxes.  (*See* Compl. ¶¶ 31, 32.)  The complaint also does not allege that Defendants own or operate a hotel or provide on-site services at any hotel in Nassau County or elsewhere.

Rather, Defendants publish travel-related information and facilitate the making of hotel room reservations with third-party hotels.  Before Defendants' services were available, a consumer wishing to book a hotel room in Nassau County typically used telephone directories, maps or the services of a traditional travel agent to identify and contact hotels, and to inquire as to room availability, rates, etc.  Defendants now provide these travel-related services via the Internet, including by identifying hotel room availability, advertising negotiated discount rates,

3

and making consumers aware of hotel amenities and other on-site services offered by the hotels.

(*See*, *e.g.*, RJN Ex. A at 1-2.)

> **B.      The State Statutory Framework Governing Hotel Taxes**

The State of New York imposes a tax on hotel rooms that is substantially similar to the

local tax imposed by the County, and also authorizes counties to impose their own hotel taxes.

> **1.      The New York State Hotel Tax and the State Department of Taxation's Ruling Concerning the Defendants**

Under section 1105 of the New York Tax Law, the state imposes a four-percent tax on

the occupancy of hotel rooms located in New York.  Section 1105(e) imposes a tax on the rent

for "occupancy of a room or rooms in a hotel in this state."  N.Y. Tax Law § 1105(e). "Rent" is

defined as "[t]he consideration received for occupancy" and "occupancy" is defined as "[t]he use

or possession, or the right to the use or possession, of any room in a hotel."  *Id*. § 1101(2), (6).

Hotel occupants are responsible for paying the tax to the hotels, which then remits the tax

to the state.  Section 1131 provides that "'Persons required to collect tax' or 'person required to

collect any tax imposed by this article' shall include: every vendor of tangible personal property

or services; every recipient of amusement charges; and every operator of a hotel."  N.Y. Tax

Law § 1131(1).  An operator is defined as "any person operating a hotel."  *Id*. § 1105(e)(4).

In a 2004 opinion, the New York Department of Taxation and Finance (the "Tax Board")

determined that the services provided by an online travel company Defendant were not subject to

the state hotel tax statute.  (RJN Ex. A.)  As that opinion explained, an online travel company –

> provides consumers with information regarding travel related offerings that
> enables consumers to compare the travel offerings of multiple suppliers [and] also
> provides consumers with the ability to use Travel Company's Internet-based
> portal to request that Travel Company act to facilitate a consumer's purchase of
> travel related services, including hotel accommodations.

(RJN Ex. A at 3.)

The Tax Board's opinion described the taxable transaction at issue and the corresponding responsibilities imposed by the statute:

> [I]t is the consumer who is the occupant, it is the consumer's use of the room that constitutes a taxable occupancy and it is the hotel operator which provides such occupancy to the consumer. ***The amounts paid by Travel Company to the hotel operator constitute rent subject to tax with respect to the occupancy provided the consumer. The hotel operator is the person required to collect the tax based on the amount of rent charged for such occupancy***.

(RJN Ex. A at 6 [emphasis added].)

### 2.       The Enabling Legislation for Imposition of Local Hotel Taxes

In addition to imposing its own state hotel tax, New York law authorizes Nassau County to levy a similar local hotel tax. *See* N.Y. Tax Law § 1202-q (enabling statute). That tax is to be collected and remitted by "the owner of the hotel or motel room occupied or . . . the person entitled to be paid the rent or charge for the hotel or motel room occupied." *Id.* § 1202-q(3).

### C.       The Nassau County Hotel Tax Ordinance

Pursuant to Section 1202-q, the County enacted a three-percent local hotel tax on which Plaintiff bases its claims here. The County's ordinance provides, in pertinent part:

> B. [The local hotel] tax shall be collected and administered by the County Treasurer by such means and in such manner as other taxes which are now collected and administered.

> C. Within 30 days after the effective date of this Title, or in the case of ***owners*** commencing business after such effective date, within ten days after such commencement or opening, every ***owner*** shall file with the country Treasurer a certificate of registration in a form prescribed by the County Treasurer. The County Treasurer shall issue to each ***owner*** a certificate of authority empowering such owner to collect the tax from the occupant thereof . . . .

> D. Such tax shall be paid by the person liable therefore to the owner of the hotel or motel room occupied or to the person entitled to be paid the rent or charge for the hotel or motel room occupied for and on account of the County of Nassau imposing the tax and that such owner or person entitled to be paid the rent of charge shall be liable for the collection and payment of the tax; and that such owner or person entitled to be paid the rent or charge shall have the same right in respect to collecting the tax from the person occupying the hotel or motel room, or in respect to nonpayment of the tax by the person occupying the hotel or motel

5

room, as if the tax were a part of the rent or charge and payable at the same time
as the rent or charge.

Nassau Cty. Code, Title 24, § 3 (emphasis added).  The ordinance does not define the terms
"rent," "occupancy" or the phrase "person entitled to be paid the rent."

To comply with the ordinance, the person responsible for collecting and remitting the tax
must complete and submit the County's "Registration Form."  (*See* RJN Ex. B.)  The form's *only*
option for the registering-person to identify its relationship with the hotel is under "Ownership."
The form requires that the person state on what "date business opened in Nassau County."  (*Id.*)

## III.  LEGAL STANDARDS

A motion to dismiss should be granted where the complaint fails to state a claim upon
which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  While reasonable factual inferences are
drawn in plaintiff's favor, "[a] complaint which consists of conclusory allegations unsupported
by factual assertions fails even the liberal standard of Rule 12(b)(6)."  *De Jesus v. Sears,
Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996).  "This Court is required to draw all reasonable
inferences in the plaintiff's favor, but not all possible inferences.  Only when 'the suggested
inference rises to what experience indicates is an acceptable level of probability,' must the Court
accept it as fact for pleading purposes."  *Franklin St. Dev. Ltd. v. Bilow & Goldberg & Assocs.*,
96 Civ. 0812, 1997 U.S. Dist. LEXIS 20580, at *11 (S.D.N.Y. Dec. 30, 1997).  Here, even
assuming Plaintiff's factual allegations to be true for purposes of this motion, the complaint fails
to state a claim upon which relief can be granted.

## IV.  JURISDICTION IS LACKING HERE BECAUSE THE COUNTY HAS FAILED TO EXHAUST ITS MANDATORY ADMINISTRATIVE PROCESSES FOR ASSESSING AND COLLECTING LOCAL TAXES

The Court does not have subject matter jurisdiction over this action because the County
has failed to exhaust its own mandatory administrative procedures for assessing and collecting
local taxes.  The ordinance on which the County has sued provides that the local hotel taxes are

to "be collected and administered by the County Treasurer by such means and *in such manner as other taxes which are now collected and administered*."  Nassau Cty. Code, Title 24, § 3(B) (emphasis added).  Tax collection procedures in Nassau County require that the County (a) make an assessment that taxes are owed, and the amount; (b) provide notice of that determination; and (c) provide the accused taxpayers the right to an administrative hearing before the County Treasurer.  *See, e.g.*, Nassau Cty. Admin. Code Ch. 5, Title B § 5-98.0 (explaining procedure for resolution of disputed tax assessments concerning local entertainment taxes); *id.* at Ch. 4, Title B § 4-2.4 (same; addressing local harness racing taxes).

The County's administrative processes are mandatory.  The County Treasurer "***shall*** determine the amount of tax due," and "*[n]otice of such determination **shall be given to the person liable for the collection and  payment of the tax**,*" followed by a right of administrative appeal.  Nassau Cty. Admin. Code § 5-98.0; *see also id.* § 4-2.4 (same).  "Shall" is a mandatory command.  *See, e.g.*, *TCG N.Y., Inc. v. City of White Plains*, 305 F.3d 67, 75 (2d Cir. 2003); *Ciambriello v. County of Nassau*, 292 F.3d 307, 316 (2d Cir. 2002)*.*  The County Treasurer's determination of tax due is calculated "from such information as may be obtainable . . . and on the basis of external indices."  Nassau Cty. Admin. Code § 5-98.0.

Pursuant to the County's hotel tax ordinance, judicial review is proper only *after* the Treasurer's final decision is rendered and the administrative processes exhausted.  *See* Nassau Cty. Code, Title 24 § 7(A) ("any final determination of the amount of any tax payable hereunder shall be reviewable for error, unconstitutionality, illegality or any other reason whatsoever by a proceeding under article 78 of the Civil Practice and Law Rules."); *see also* Nassau Cty. Admin. Code Ch. 5, Title B § 5-99.0 (same); *id.* § 4-2.4 (same).

The local hotel ordinance's explicit incorporation of the judicial review procedures set forth in Article 78 underscore that the County is required to make an administration

determination of taxes owed; Article 78 only provides for review of certain, limited questions raised and expressly does not provide for a review of a determination made in a civil matter. Accordingly, the "final determination" referenced in the ordinance must be an *administrative* determination of taxes owed made by the City Treasurer and not a court of law.

The complaint does not allege that the County initiated or completed its administrative procedures for assessing and collecting local hotel taxes from Defendants.  Nor could that be alleged:  Prior to filing this lawsuit the County did not once (a) provide Defendants with notice of its currently stated position that local hotel taxes are owed; (b) provide Defendants with notice of the amount of taxes assessed against each Defendant; or (c) provide Defendants with an administrative hearing before the County Treasurer.

The County's failure to exhaust its administrative procedures renders jurisdiction lacking here. *See Harold Levinson Assocs., Inc. v. N.Y. State Dep't of Tax. & Fin.*, 10 Misc. 3d 1065A, 814 N.Y.S.2d 561 (N.Y. Cty. Sup. Ct. 2005) (dismissing for lack of jurisdiction where plaintiff failed to exhaust administrative remedies by obtaining a judgment from the Tax Tribunal before filing suit); *Curry v. N.Y. State Dep't of Tax. & Fin.*, 196 A.D.2d 422, 601 N.Y.S.2d 6, 7 (1st Dep't 1993) (failure to exhaust administrative remedies required dismissal; "A controversy cannot be ripe if the claimed harm may be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party."); *Bankers Trust Corp. v. N.Y. City Dep't of Fin.*, 1 N.Y. 3d 315, 322, 773 N.Y.S.2d 1, 5 (2003) (same).

Courts that have considered similar actions filed against the same Defendants here have dismissed those cases based on the plaintiff-municipalities' failure to exhaust administrative remedies prior to filing suit.  *See City of Atlanta v. Hotels.com*, No. 2006-CV-114732, 2006 WL 3728957, at *3 (Ga. Super. Ct. Dec. 11, 2006) (granting Defendants' motion to dismiss and ruling that the City of Atlanta may not "take what they deem to be the expedient course of action

8

and file suit in court, as opposed to the correct course of action which would have been to exhaust administrative process."); *City of Philadelphia*, 2006 Phila. Ct. Com. Pl. LEXIS 218, at *8 (granting Defendants' motion to dismiss; holding that "[w]here an administrative remedy is statutorily prescribed, as here, the general rule is that a court -- be it a court of equity or a court of law -- is without jurisdiction to entertain the action."); *Miami-Dade County v. Internetwork Pub. Corp.*, Case No. 06-19187-CA (Fla. Cir. Ct. Jan. 17. 2007) (same; transcript of hearing attached as RJN Ex. D).

Accordingly, the action should be dismissed for lack of subject matter jurisdiction.

## V.   PLAINTIFF'S FIRST CLAIM FOR RELIEF FAILS BECAUSE DEFENDANTS ARE NOT SUBJECT TO THE COUNTY'S HOTEL TAX

If, *arguendo*, the Court were to determine that jurisdiction exists here, the County's claims fail because the services provided by Defendants do not fall within the scope of the County's tax ordinance. The local ordinance imposes tax collection and remittance responsibilities only upon "the owner or person entitled to be paid the rent or charge" for the hotel or motel room. Nassau Cty. Code, Title 24, § 3(D). Defendants are neither.

### A.   Defendants Are Not Hotel "Owners" Obligated to Collect and Remit the Local Hotel Tax

As the legislative history to the state enabling statute explains, the local hotel tax "revenue is to be collected by the *individual hotels and motels* and is to be paid to the county." N.Y. State Assembly 6789-B, Ch. 511, at 5 (N.Y. 1994) (RJN Ex. C; emphases added). Plaintiff does not allege that the Defendants are hotel owners. Rather, the complaint alleges that Defendants "contract with [third-party] hotels for rooms at negotiated discounted room rates," and then advertise those rates on Defendants' websites. (*See* Compl. ¶ 31.) Accordingly, Plaintiff cannot state a claim for taxes allegedly owed under the ownership prong of the local tax ordinance. *See* Nassau Cty. Code, Title 24 § 3(D).

9

**B.      Defendants Are Not Persons "Entitled to Be Paid the Rent" for Rooms Reserved Through Their Websites**

The ordinance (and the state enabling act) imposes responsibility for collection and remittance of the local hotel tax upon persons "entitled to be paid the rent" for hotel rooms. *See* Nassau Cty. Code, Title 24 § 3(A) (tax imposed at three percent rate "of the per diem *rental* rate for each room"; *id*. § 3(D) ("[t]ax shall be paid . . . to the owner of the hotel or motel room occupied or to the person entitled to be paid the *rent* or charge *from the hotel or motel room*); N.Y. Tax Law § 1202-q(1) ("rate of such tax shall not exceed three percent of the per diem *rental* rate for each room."). The state tax law defines rent as "[t]he consideration received for occupancy." N.Y. Tax Law § 1101(6).

The complaint also does not and cannot allege that the County is being deprived of taxes on "rent" for rooms booked through Defendants' websites. Defendants are not persons entitled to "rent" from hotel rooms booked through their websites because they do not own or operate any hotel (nor do they "maintain[] any inventory of rooms for rent nor ha[ve] any financial responsibility for the rental or failure to rent rooms listed on [their] Web site[s].)" (RJN Ex. A at 6.) Rather, the person entitled to the rent – defined as the consideration received for occupancy – is the person who is capable of providing the consumer with a room to occupy (*i.e.*, the hotel itself). (*Id*.; *see also* N.Y. Tax Law § 1101(6) [defining rent as "[t]he consideration received for occupancy."].) Defendants have no ability to provide the "use or possession, or right to the use or possession, of any room in a hotel." N.Y. Tax Law § 1101(2). The local hotels, not Defendants, are the recipients and the beneficiaries of all "rent" paid for hotel room occupancy.

As such, as the state Tax Board already has determined, the hotel *operator* is the person obligated to collect taxes on rent, not the Defendants:

10

The amounts paid by Travel Company to the hotel operator constitute rent subject to tax with respect to the occupancy provided the consumer. ***The hotel operator is the person required to collect the tax based on the amount of rent charged for each occupancy . . . The hotel operator is required to collect sales tax on rent received for the hotel occupancy from Travel Company when it remits payment for such occupancy by the consumer***.

(RJN Ex. A at 6 [emphasis added]; *accord Esden v. Bank of Boston*, 229 F.3d 154, 168 (2d Cir. 2000) ["an agency's reasonable, consistently held interpretation of its own regulation is entitled to deference. Provided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'"].)

The Tax Board's ruling is consistent with the state enabling act's legislative history, which explains that the State of New York intended to provide the County authority to collect "from the individual hotels and motels" taxes on the rent received by them.  N.Y. State Assembly 6789-B, Ch. 511, at 5 (N.Y. 1994) (attached to RJN Ex. C).

The County advances a strained interpretation of the ordinance in suggesting that Defendants, who merely transfer rent paid by consumers to the local hotels, are persons "entitled to the rent."  *See Hayden v. Pataki*, 449 F.3d 305, 315 (2d Cir. 2006) ("In interpreting a statute, we must first look to the language of the statute itself, and that if the statutory terms are unambiguous, our review generally ends and the statute is construed according to the plain meaning of its words.").  The term "entitle" means "to give a right or legal title to."  Webster's New College Dictionary at 475 (Wiley Pub. 2005).  Thus, the phrase "entitled to be paid the rent," requires a right to or legal interest in keeping the rent, not merely transferring funds paid by consumers to their rightful owner (the hotels).  Defendants do not retain rent for rooms operated by the hotels; indeed, the complaint alleges no facts to the contrary.

As the Tax Board noted, Defendants contract with hotels and "establish[] the amount that the hotel is willing to accept for the rooms offered, including the applicable taxes to be charged."

11

(RJN Ex. A. at 5.)  Taking the complaint's allegations as true (*see* Compl. ¶¶ 31-32), Defendants

and the local hotels agree upon the rent for a given room.  The amount of rent (and therefore the

potential tax on that rent) is fixed at that time.  When a consumer books a room reservation,

Defendants charge the consumer "for the hotel accommodations selected, including in such

charge [Defendants'] charges for taxes and service fees."  (RJN Ex A. at 5; *see also* Compl.

¶ 31.)  Thus, the consumer is charged the "rent" for the room (*i.e.*, the amount the hotel receives

in exchange for occupancy) and Defendants' compensation for facilitating the transaction.

Plaintiff's attempt to impose its tax on the funds retained by Defendants for their Internet-based

services (not the "rent" paid to the hotels) is without basis under the plain language of the

ordinance and state enabling statute.

     **C.**    **The County's Proffered Interpretation of Its Local Tax Ordinance Is Contrary to Law and Plaintiff's Own Application of It**

          **1.**    **The Tax Statutes Must Be Construed Strictly in Favor of the Defendants**

If, *arguendo*, any doubt existed in the inapplicability of the local ordinance to

Defendants, principles of statutory construction require that the ordinance be "construed most

strongly against the Government, and in favor of the citizen."  *Gould*, 245 U.S. at 153; *see also*

*Nico v. Commissioner*, 565 F.2d 1234, 1238 (2d Cir. 1977) ("If doubt exists as to the

construction of a taxing statute, the doubt should be resolved in favor of the taxpayer");

*Debevoise & Plimpton v. N.Y. State Dep't of Tax. & Fin.*, 80 N.Y.2d 657, 661, 593 N.Y.S.2d

974, 876 (1993) (same).  Well-settled precedent in this circuit explains,

> [I]t is . . . a general rule in the interpretation of all statutes levying taxes or duties
> upon subjects or citizens, not to extend their provisions, by implication, beyond
> the clear import of the language used, or to enlarge their operation so as to
> embrace matters not specifically pointed out, although standing upon a close
> analogy.  In every case, therefore, of doubt, such statutes are construed most
> strongly against the government, and in favor of the subjects or citizens, because
> burdens are not to be imposed, nor presumed to be imposed, beyond what the
> statutes expressly and clearly import.

*Edward v. Wabash Ry. Co.*, 264 F. 610, 616 (2d Cir. 1920) (citations omitted).

In construing tax statutes, "the language is what controls when its meaning is plain, and where there is doubt it must be resolved in favor of the taxpayer." *Commissioner v. Morris*, 90 F.2d 962, 964 (2d Cir. 1937) (citations omitted); *see also United States v. Merriam,* 263 U.S. 179, 187-88 (1923) ("the literal meaning of the words employed [in tax statutes] is most important"); *Benziger v. United States*, 192 U.S. 38, 55 (1904) (tax statutes should be construed strictly in favor of taxpayer).

Applying the plain language of the enabling act and ordinance, and well-settled canons of statutory interpretation, the local tax ordinance does not apply to Defendants.  According to the County, the local hotels are required to collect and remit taxes based on the rent they receive for room rentals booked through Defendants' websites, and Defendants allegedly are required to pay taxes on "any fees" or other funds obtained *for their services* in facilitating room reservations. (Compl. ¶ 31.)  Taxing any amounts other than the "rent" paid to the hotel is not contemplated under the ordinance, and the rules for construing tax statutes forbid it.

        **2.**     **The County's Registration Requirements Mandate That the Hotel Owners, Not Defendants, Register With the County and Collect the Local Hotel Tax from the Hotel's Occupants**

The County already has interpreted its hotel tax ordinance to apply only to "owners" of hotels, contrary to the complaint's allegations.  In implementing its authority to collect the hotel tax, the County enacted registration procedures that effectively and properly limit the entities subject to the tax to hotel owners.  *See* Nassau Cty. Code, Title 24, § 3(C) ("every owner shall file with the County Treasurer a certificate of registration").  Section 3(C) states that the County Treasurer "shall issue to each owner a certificate of authority empowering such owner to collect the tax from the occupant thereof."  The County's official registration form, in requiring registrants to identify their interest in a hotel, makes reference only to "type of ownership"

(*i.e.*, individual, partnership or corporation).  (RJN Ex. B.)  Nothing in the statutory provision governing registration or in the form itself is applicable to Defendants or their business practices. Again, that is consistent with the legislative history of the ordinance's enabling act, which explains that the Legislature intended only "individual hotels and motels"  to be responsible for collection of the tax.  *See* N.Y. State Assembly 6789-B, Ch. 511, at 5 (attached as RJN Ex. C).

It is a "cardinal rule that a statute is to be read as a whole since the meaning of statutory language, plain or not, depends on context."  *King v. St. Vincent's Hosp*., 502 U.S. 215, 221 (1991); *Stafford v. Briggs*, 444 U.S. 527, 535 (1980) ("It is well settled that, in interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute . . . and the objects and policy of the law."). The registration requirements and the legislative history are irreconcilable with the County's claim that Defendants are subject to the ordinance.  Only hotel owners who are "empowered to collect the tax" (Nassau Cty. Code, Title 24, § 3(C)), and they do so.  The County, however, now suddenly purports to require Defendants to *collect* hotel taxes, while its own implementing regulations are not set up to allow Defendants to register to *pay* such taxes.  That does not make sense.  *See, e.g., Dewsnup v. Timm*, 502 U.S. 410, 427 (1992) ("we should avoid construing the statute in a way that produces such absurd results.").

Because Plaintiff cannot properly allege that Defendants are owners or "persons entitled to rent," the complaint's First Claim for Relief should be dismissed with prejudice.

## VI.    PLAINTIFF'S COMMON LAW CLAIMS ALSO FAIL AS A MATTER OF LAW

### A.    The County Has Failed to State a Claim for Conversion

Plaintiff's conversion claim fails because Defendants are not exercising control over monies belonging to the County.  "Under New York law, conversion is any unauthorized exercise of control by one who is not the owner which interferes with a superior possessory right

of another in property." *Tese-Milner v. TPAC, LLC*, 313 B.R. 46, 69 (Bankr. S.D.N.Y. 2004).  A conversion claim must allege that the contested acts "are unlawful or wrongful as distinguished from acts that are a mere violation of contractual rights." *Fraser v. Doubleday & Co.*, 587 F. Supp. 1284, 1288 (S.D.N.Y. 1984).

A conversion claim is proper under New York law only where there is a specific, identifiable fund and "an obligation to return or otherwise treat in a particular manner the specific money in question." *Dover Ltd. v. A.B. Watley, Inc.*, 423 F. Supp. 2d 303, 328 (S.D.N.Y. 2006).  Here, no such legal obligation exists on the part of the Defendants.

## B.     Plaintiff's Claim for Unjust Enrichment Fails as a Matter of Law

To state a claim for unjust enrichment "a plaintiff must allege that (1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendants to make restitution." *CBS Broad., Inc. v. Jones*, 05 Civ. 10620, 2006 U.S. Dist. LEXIS 80592, at *12 (S.D.N.Y. Nov. 2, 2006); *see also Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 596, 600, 741 N.Y.S.2d 100, 102 (2d Dep't 2002) ("To state a cause of action for unjust enrichment, a plaintiff must allege that it conferred a benefit upon the defendant, and that the defendant will obtain such benefit without adequately compensating plaintiff therefor.").  Because Defendants' services are not taxable under the local ordinance, the County cannot establish that any alleged enrichment "was at Plaintiff's expense."

## C.     Plaintiff's Claim for a Constructive Trust Fails as a Matter of Law

Imposition of a constructive trust is a remedy that presupposes a legal obligation owed by the Defendants to the County, which does not exist here.  Plaintiff's claim also fails because it has not and cannot allege a fiduciary relationship between Defendants and the County.  *See*, *e.g.*, *Rodgers v. Roulette Records, Inc.*, 677 F. Supp. 731, 739 (S.D.N.Y. 1988) ("[T]he parties did not have a fiduciary relationship and thus plaintiff cannot maintain an action to establish a

constructive trust.").  "New York law generally requires four elements for a constructive trust:

'(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of

the subject res made in reliance on that promise; and (4) unjust enrichment.'"  *Superintendent of*

*Ins. v. Ochs*, 377 F.3d 209, 212 (2d Cir. 2004).  Again, no claim exists here because Defendants

are not subject to the County's hotel tax ordinance, and thus, they have no obligation to collect or

remit taxes to the County and are not in possession of funds owed to the County.

## VII.   PLAINTIFF'S ALLEGATIONS OF FRAUDULENT CONCEALMENT FAIL TO MEET THE PLEADING STANDARDS REQUIRED BY RULE 9(B) AND SHOULD BE STRICKEN

A motion to strike is proper where the complaint fails to allege matters with the

particularity required by Rule 9(b).  *See* Fed. R. Civ. P. 12(f); *Yurman Design, Inc. v. Chaindom*

*Enters*., 99 Civ. 9307, 2002 U.S. Dist. LEXIS 18329 at *5-7 (S.D.N.Y. Sept. 30, 2002) (striking

affirmative defenses that fail to plead fraud with particularity); *accord Lanza v. Merrill Lynch &*

*Co.*, 154 F.3d 56, 60 (2d Cir. 1998) (affirming dismissal where plaintiffs "did not allege in the

[complaint] that they exercised due diligence; they make no allegation of any specific inquiries

of [defendant], let alone detail when such inquiries were made, to whom, regarding what, and

with what response.").

The County alleges in conclusory fashion that Defendants "fraudulently concealed

from the Class the true amount of the hotel taxes collected but not remitted."  (Compl. ¶ 38.)

The complaint pleads no facts in support of that allegation and does not meet the pleading

standards required by Rule 9(b).  *See In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig*.,

00 Civ. 7804, 2004 U.S. Dist. LEXIS 3892, at *13 (S.D.N.Y. Mar. 12, 2004) ("allegations of

fraudulent concealment are subject to the particular pleading requirements set forth in Fed. R.

Civ. P. 9(b).").

To properly allege fraudulent concealment, the County must allege facts showing that: (1) each defendant concealed the existence of the violation, (2) plaintiff remained ignorant of the violation during the limitations period, and (3) plaintiff's ignorance was not the result of a lack of diligence.  *In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 513 (S.D.N.Y. 2004); *In re Nine West Shoes Antitrust Litig.*, 80 F. Supp. 2d 181, 192 (S.D.N.Y. 2000).

The complaint's cursory allegations fail to allege the nature of the fraudulent concealment in any fashion.  (*See* Compl. ¶¶ 38-40.)  They also fail to state when or how the County became aware of the alleged concealment (or non-payment of taxes) or any investigative efforts by Plaintiff to discover whether taxes are owed.

In sum, the County is attempting to hold Defendants liable under a new and novel interpretation of its own tax ordinance – an interpretation that is contrary to the County's own implementing regulations and the legislative history authorizing the ordinance in the first place. As shown above, Plaintiff's current interpretation of the ordinance is wrong, but even if it were correct, the County cannot claim that it was "defrauded" by a contrary interpretation.  Plaintiff's allegations of fraudulent concealment are insufficient as a matter of law and should be stricken.

## VIII.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the complaint be

dismissed in its entirety for failure to state a claim upon which relief can be granted.

| | |
|---|---|
| By   /s/ Matthew D'Amore<br>Matthew D'Amore (MD-8229)<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104-0050<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br>e-mail: mdamore@mofo.com<br><br><br>Attorneys for Defendants Site59.com, LLC;<br>Travelocity.com, Inc.; Travelocity.com LP;<br>Orbitz, Inc.; Orbitz, LLC; Internetwork<br>Publishing Corp. (d/b/a Lodging.com); Trip<br>Network, Inc. (d/b/a Cheap Tickets.Com);<br>Travelport Inc. (f/k/a Cendant Travel<br>Distribution Services Group, Inc.);<br>Hotels.com, L.P.; Hotels.com GP, LLC;<br>Hotwire, Inc.; Expedia, Inc.; TravelNow.com,<br>Inc.; and Maupintour Holding, LLC | By   /s/ Susan  L. Saltzstein<br>Susan L. Saltzstein (SS-1907)<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>4 Times Square<br>New York, New York 10036-6522<br>Telephone: (212) 735-4132<br>Facsimile: (917) 777-4132<br>e-mail: ssaltzst@skadden.com<br><br><br>Attorneys for Defendants priceline.com<br>Incorporated; Lowestfare.com Incorporated;<br>and Travelweb LLC |

***Additional Counsel for Defendants***

David F. McDowell
(*pro hac vice* application to be submitted)
MORRISON & FOERSTER
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
e-mail:  dmcdowell@mofo.com

Attorneys for Defendants Travelocity.com LP,
Travelocity.com, Inc. and Site59.com, LLC

Paul E. Chronis
(*pro hac vice* application to be submitted)
Elizabeth B. Herrington
(*pro hac vice* application to be submitted)
MCDERMOTT WILL & EMERY LLP
227 West Monroe
Chicago, Illinois  60606-5096
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
e-mail:  eherrington@mwe.com

Attorneys for Defendants Orbitz, Inc.;
Orbitz, LLC; Internetwork Publishing Corp.
(d/b/a Lodging.com); Trip Network, Inc.
(d/b/a Cheap Tickets.Com); and Travelport Inc.
(f/k/a Cendant Travel Distribution Services
Group, Inc.)


James P. Karen
(*pro hac vice* application to be submitted)
Deborah S. Sloan
(*pro hac vice* application to be submitted)
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
Email: jkaren@jonesday.com

Attorneys for Defendants Expedia, Inc.;
Hotels.com, LP; Hotels.com GP, LLC;
Hotwire, Inc.; and TravelNow.com, Inc.

Darrel J. Hieber
(*pro hac vice* application to be submitted)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM  LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
e-mail:  dhieber@skadden.com

Karen L. Valihura
(*pro hac vice* application to be submitted)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899
Telephone:  (302) 651-3000
Facsimile:  (302) 651-3001
e-mail:  kvalihur@skadden.com

Attorneys for Defendants priceline.com Incorporated;
Lowestfare.com Incorporated; and Travelweb LLC

John D. Pernick
(*pro hac vice* application to be submitted)
BINGHAM MCCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
e-mail: john.pernick@bingham.com

Attorneys for Defendant Maupintour Holding, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2007, the foregoing document was filed with the

Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the

Eastern District's Local Rules, the Eastern District's Rules on Electronic Service, and by

U.S. mail, upon the following parties and participants:

Robert S. Schachter
Zwerling, Schachter & Zwerling, LLP
990 Stewart Avenue, Suite 600
Garden City, NY 11530

Attorneys for Plaintiff County of Nassau, New York

February 1, 2007                                   /s/ Matthew M. D'Amore
                                                   Matthew M. D'Amore

                                                   MORRISON & FOERSTER LLP

1