**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| COUNTY OF NASSAU, NEW YORK, on behalf of itself and all others similarly situated, | ) ) ) ) | **Case No. 2:06-cv-05724-ADS-WDW** |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ECF CASE** |
| HOTELS.COM, LP; HOTELS.COM GP, LLC; HOTWIRE, INC.; TRIP NETWORK, INC. (D/B/A CHEAPTICKETS.COM); CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC.; EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (D/B/A LODGING.COM); LOWESTFARE.COM, INC.; MAUPINTOUR HOLDING, LLC; ORBITZ, INC.; ORBITZ, LLC; PRICELINE.COM, INC.; SITE59.COM, LLC; TRAVELOCITY.COM, INC.; TRAVELOCITY.COM, LP; TRAVELWEB, LLC; and TRAVELNOW.COM, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS, AND IN THE ALTERNATIVE, TO STRIKE**

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT .................................................................................1

II.  STATEMENT OF FACTS ....................................................................................2

III. ARGUMENT.........................................................................................................4

    A.  The Complaint's Allegations Must Be Taken As True
        and Plaintiff Must Be Afforded All Reasonable Inferences .........................................4

    B.  Jurisdiction Before This Court Is Proper ....................................................................5

        1.  Enforcement of the Hotel Tax Laws Does Not Require
            the Exhaustion of Any Administrative Procedures or Remedies......................5

        2.  The County Is Not Limited to Article 78 Review..............................................9

    C.  Defendants Are Subject to the County's Hotel Tax...................................................12

        1.  Defendants Are Persons "Entitled" to Receive
            Payments for Rooms Reserved Through Their Websites ...............................15

        2.  Hotel Taxes Are To Be Collected Based on the Full Amounts
            Paid by Consumers to Occupy the Rooms......................................................16

        3.  The New York State Department of Taxation Advisory
            Opinion Does Not Apply to Defendants' Business Model..............................17

        4.  The County's Registration Requirements Are Not Relevant to
            Whether Defendants Must Collect and Remit Occupancy Taxes...................18

    D.  Plaintiff's Common Law Claims Are Legally Sufficient ...........................................19

        1.  Plaintiff Adequately States a Claim for Conversion.......................................19

        2.  Plaintiff Adequately States a Claim for Unjust Enrichment...........................20

        3.  Plaintiff Adequately States a Claim for a Constructive Trust.........................21

    E.  Plaintiff Adequately Alleges Fraudulent Concealment ...............................................22

IV.  CONCLUSION...................................................................................................25

# TABLE OF AUTHORITIES

## CASES

*Allied Irish Banks, P.L.C. v. Bank of America, N.A.*,
 No. 03 Civ. 3748, 2006 WL 278138 (S.D.N.Y. Feb. 2, 2006) ..........................................20

*American Locker Co. v. City of New York*,
 308 N.Y. 264 (1955) .........................................................................................................17

*Bankers Trust Corp. v. New York City Dep't of Fin.*,
 1 N.Y. 3d 315 (2003) .......................................................................................................11

*Browder v. U.S.*,
 312 U.S. 335 (1941) .........................................................................................................14

*Chacko v. Dynair Services Inc.*,
 No. 96 CV 2220, 1998 WL 199866 (E.D.N.Y. Mar. 15, 1998) .......................................24

*City of Atlanta v. Hotels.com*,
 No. 2006-CV-114732, 2006 WL 3728957 (Ga. Super. Ct. Dec. 11, 2006) .....................11

*City of Philadelphia v. Hotels.com*,
 2005 No. 860, 2006 WL 1520749 (Phila. Ct. Com. Pl. May 25, 2006) ..........................12

*Council v. Better Homes Depot, Inc.*,
 No. 04 CV 5620, 2006 WL 2376381 (E.D.N.Y. Aug. 16, 2006) ...............................22, 23

*Counihan v. Allstate Insurance Co.*,
 194 F.3d 357 (2d Cir. 1999)........................................................................................20, 21

*Curry v. N.Y. State Department of Tax. & Finance*,
 196 A.D.2d 422 (1st Dept. 1993).....................................................................................11

*Duff v. Commissioner of the Suffolk County Police Dep't*,
 No. 04-CV-1568, 2006 WL 2689547 (E.D.N.Y. Sep. 19, 2006) .....................................24

*Golden Pacific Bancorp v. F.D.I.C.*,
 273 F.3d 509 (2d Cir. 2001)..............................................................................................20

*Gould v. Gould*,
 245 U.S. 151 (1917)...........................................................................................................17

*Harold Levinson Associates, Inc. v. N.Y. State Department   of Tax. & Finance*,
 No. 603309/05, 2005 WL 3527658 (Sup. Ct. N.Y. Cty. Dec. 23, 2005)...........................11

*Harris v. City of New York*,
    186 F.3d 243 (2d Cir. 1999)........................................................................4

*Hayden v. Pataki*,
    449 F.3d 305 (2d Cir. 2006)......................................................................13

*In the Matter of Bethelite Cmty. Church, Great Tomorrows*
  *Elementary Sch. v. Dep't of Envt'l Protection*,
    797 N.Y.S.2d 707 (Sup. Ct. N.Y. Cty. 2004) ...................................................9

*In re: Issuer Plaintiff Initial Public Offering Antitrust Litigation*,
    No. 00 Civ. 7804, 2004 WL 487222 (S.D.N.Y. Mar. 12, 2004) ..........................22, 23, 24

*Lehigh Portland Cement Co. v. New York State Dep't of Envt'l Conservation*,
    87 N.Y.2d 136 (1995) ...............................................................................9

*Lipsky v. Commonwealth United Corp.*,
    551 F.2d 887 (2d Cir.1976).......................................................................24

*Malta Town Centre I, Ltd. v. Town of Malta Bd. of Assessment Review*,
    3 N.Y.3d 563 (2004) ................................................................................13

*McAnaney v. Astoria Financial Corp.*,
    357 F. Supp. 2d 578 (E.D.N.Y. 2005) ......................................................23, 24

*Morris v. New York City Employees' Retirement Sys.*,
    129 F. Supp. 2d 599 (S.D.N.Y. 2001).........................................................10

*NAUM v. City of New York*,
    No. 94 CIV. 5747, 1997 WL 539947 (S.D.N.Y. Aug. 28, 1997) ......................11

*In re Natural Gas Commodity Litigation*,
    337 F. Supp. 2d 498 (S.D.N.Y. 2004).....................................................22, 23, 24

*Pelton v. 77 Park Avenue Condominium*,
    825 N.Y.S.2d 28 (1st Dep't 2006).............................................................19

*People v. Graham*,
    55 N.Y.2d 144 (1982) ..............................................................................13

*Phelps v. Kapnolas*,
    308 F.3d 180 (2d Cir. 2002)......................................................................4

*Price v. Price*,
    69 N.Y.2d 8 (1986) .................................................................................13

*Prudence-Bonds Corp. v. State Street  Trust Co.*,
   202 F.2d 555 (2d Cir. 1953)..........................................................................................13

*Rowe v. City of New York*,
   615 N.Y.S.2d 959 (Sup. Ct. N.Y. Cty. 1994) ..............................................................10

*S.E.C. v. Jones*,
   No. 05 Civ. 7044, 2006 WL 1084276 (S.D.N.Y. Apr. 25, 2006)..............................23, 24

*U.S. v. General Douglas MacArthur Senior Village, Inc.*,
   366 F. Supp. 302 (E.D.N.Y. 1973), *aff'd*, 508 F.2d 377 (2d Cir. 1974) ............................6

*Smith v. Local 819 I.B.T. Pension Plan*,
   291 F.3d 236 (2d Cir. 2002)............................................................................................4

*Spina v. Department of Homeland Security*,
   470 F.3d 116 (2nd Cir. 2006)........................................................................................13

*State of New York v. Hendrickson Brothers, Inc.*,
   840 F.2d 1065 (2d Cir.1988)..........................................................................................22

*Thyroff v. Nationwide Mutual Insurance Co.*,
   460 F.3d 400 (2d Cir. 2006)..........................................................................................19

*United States v. Lanier*,
   520 U.S. 259 (1997)........................................................................................................13

*Whitfield v. United States*,
   543 U.S. 209 (2005)........................................................................................................13

*Williams v. Taylor*,
   529 U.S. 420 (2000)........................................................................................................13

### STATUTES, RULES AND REGULATIONS

Fed. R. Civ. P. 12(b)(6) ....................................................................................................4

Fed. R. Civ. P. 12(f) ........................................................................................................24

N.Y. Tax Law § 1202-q ......................................................................................... *passim*

N.Y. C.P.L.R., Art. 78 ............................................................................................ *passim*

Nassau Cty. Admin. Code ch. IV, tit. B, §4-2.4 ............................................................11

iv

Nassau Cty. Admin. Code ch. IV, tit. B, §4-2.8 .................................................................7

Nassau Cty. Admin. Code ch. V, tit. B, §5-24...................................................................7

Nassau Cty. Admin. Code ch. V, tit. B, §5-32................................................................5, 6

Nassau Cty. Admin. Code ch. V, tit. B, §5-81...................................................................7

Nassau Cty. Admin. Code ch. V, tit. B, §5-99.................................................................11

Nassau Cty. Admin. Code ch. V, tit. B, §5-102.................................................................7

Nassau Cty. Misc. Local Laws, tit. 24, §1 ..................................................................14, 15

Nassau Cty. Misc. Local Laws, tit. 24, §3 .............................................................. *passim*

Nassau Cty. Misc. Local Laws, tit. 24, §7 ........................................................................9

McKinney's Cons. Laws of N.Y., Book 1, Statutes §74...................................................15

McKinney's Cons. Laws of N.Y., Book 1, Statutes §94...................................................13

## OTHER AUTHORITIES

Black's Law Dictionary, 6th Ed., West Publishing Company (1990) ..............................15, 16, 19

## I.      PRELIMINARY STATEMENT

Plaintiff, Nassau County (the "County" or "Nassau"), submits this memorandum of law in opposition to Defendants' Motion to Dismiss, and in the Alternative, to Strike ("Motion"). Defendants are the major online sellers and/or resellers of hotel and motel rooms.  This case challenges their unlawful failure to fully remit to the County (and to the other members of the putative class of New York State governmental entities) hotel and motel occupancy taxes ("hotel taxes") collected from consumers.  In a nutshell, Defendants charge consumers hotel taxes based on retail room rental rates, but only remit tax amounts based on the lower, wholesale rates at which they obtain the rooms.  Defendants then pocket the difference, thereby improperly enriching themselves at the expense of the tax-paying public and depriving local governments of sorely-needed revenue.  Through this proceeding, Nassau and the other class members seek to reclaim these funds for their citizens.  As further demonstrated below, Defendants have offered no persuasive reason to dismiss these important public claims.

In their Motion, Defendants' primary focus is not on the merits, but on attempting to evade this Court's jurisdiction.  First, Defendants assert that the County was required to exhaust numerous administrative procedures and remedies prior to filing suit – despite the fact that the local laws governing hotel taxes (the "County's Hotel Tax law") do not provide any such administrative procedures or remedies.  *See* Defendants' Memorandum of Law, dated February 1, 2007 ("Def. Br.") at 6-9; Nassau Cty. Misc. Local Laws, tit. 24 (2006).  Defendants also contend that, even if the purported administrative requirements were exhausted, the County's recourse was limited to a state court review of Defendants' actions pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR").  *Id.*  Defendants' approach must fail because

1

the County is neither subject to any exhaustion requirements nor limited to judicial review under Article 78.

Defendants also try to skirt liability by arguing that they are not subject to the County's Hotel Tax law. *See* Def. Br. at 9-14. Defendants' position is based on misstatements of law and fact. Defendants suggest that only hotel owners and operators are responsible for the collection and remittance of hotel taxes. Def. Br. at 9-10. That ignores the plain language of the County's Hotel Tax law and the State's enabling statute (collectively, the "hotel tax laws"), both of which direct that hotel taxes must be collected and remitted to the County by hotel owners **or** any party "entitled to be paid the rent or charge." N.Y. Tax §1202-q(3) (McKinney 2007); Nassau Cty. Misc. Local Laws, tit. 24, §3. Thus, because Defendants are sellers and/or resellers entitled to be paid the rent or charge on their hotel rooms, they are subject to the requirements of the hotel tax laws. Plaintiff's Class Action Complaint ("Comp.") at ¶¶25, 31. Further, regardless of whether Defendants have a duty to collect hotel taxes, to the extent that they actually did (as Plaintiff alleges), there is no reason, legal or otherwise, to permit Defendants to keep those funds.

Accordingly, Defendants' arguments are meritless and their Motion should be denied in its entirety.

## II. STATEMENT OF FACTS

Defendants are online sellers and/or resellers of hotel rooms to the general public. Comp. at ¶25. Defendants began providing internet-based hotel booking services as early as March 1, 1995. *Id.* at ¶38. Generally, Defendants contract with hotels for rooms at discounted rates, then mark up their inventory of rooms and sell them to the public, who actually occupy the rooms. *Id.* This state-wide class action is brought to remedy Defendants' failure to fully remit hotel taxes based on those sales. *Id.* at ¶1.

Pursuant to N.Y. Tax §1202-q(1), Nassau County is authorized to impose a hotel tax upon "persons occupying hotel or motel rooms in such county. . . . The rate of such tax shall not exceed three percent of the per diem rental rate for each room . . ." *See* Comp. at ¶26.  With respect to the collection and remittance of such tax, N.Y. Tax §1202-q(3) provides:

> Such local laws may provide that any tax imposed shall be paid by the person liable therefor to the owner of the hotel or motel room occupied **or to the person entitled to be paid the rent or charge for the hotel or motel room occupied for and on account of Nassau imposing the tax and that such owner or person entitled to be paid the rent or charge shall be liable for the collection and payment of the tax . . .**

Comp. at ¶26 (emphasis added).  Consistent with this enabling statute, occupants of hotel and motel rooms in the County are subject to a hotel tax.  *Id.* at ¶28.  §3(A) of Title 24 of the Miscellaneous Local Laws of Nassau County (the "Local Laws"), provides that there is "a hotel and motel occupancy tax in the County of Nassau at a rate of three percent of the per diem rental rate for each room . . ."  *Id.*  The plain language of this provision also clearly contemplates that persons other than hotel owners will be charging for rooms and expressly requires these persons to collect the tax.

Defendants, among others, are required to collect hotel taxes for and on account of the County.  Comp. at ¶29.  Tracking the language of the enabling statute quoted above, §3(D) of the Local Laws states that:

> Such tax shall be paid by the person liable therefor to the owner of the hotel or motel room occupied **or to the person entitled to be paid the rent or charge for the hotel or motel room occupied for and on account of the County of Nassau imposing the tax and that such owner or person entitled to be paid the rent or charge shall be liable for the collection and payment of the tax . . .**

Comp. at ¶29 (emphasis added).  Defendants are "persons entitled to be paid the rent or charge for the hotel or motel room[s]" booked on their websites.  Accordingly, the County's hotel tax is correctly calculated as a percentage of the price each consumer occupant pays each Defendant

for a hotel room.  Comp. at ¶30.  That is the amount each Defendant is required to remit to the

County.  *Id.*; Nassau Cty. Misc. Local Laws, tit. 24, §3.

While Defendants charge and collect hotel taxes from occupants based on the marked-up

(*i.e.* retail) room rates, they only remit to the County tax amounts based on the lower, negotiated

room rates at which they obtain the rooms.  Comp. at ¶31.  Defendants unlawfully pocket the

difference.  *Id.*  The example below illustrates the scheme:

> If a consumer pays Hotels.com $100.00 for a hotel room in Nassau County,
> Hotels.com calculates the hotel tax the consumer pays on that "gross" amount
> ($100.00).  Thus, the amount of tax collected by Hotels.com and due to the
> County is three percent of $100 ($3.00).  However, the amount remitted to the
> County has been based on the lower "net" rate at which Hotels.com obtains the
> room, for instance $60.  In this illustration, Hotels.com would only remit $1.80
> (3% of $60.00) instead of the $3.00 it actually owed the County (3% of $100.00).
> Hotels.com, therefore, keeps a hidden and unlawfully retained profit of $1.20,
> thereby depriving Plaintiff of over 40% of the taxes due on that transaction.

*Id.* at ¶ 32.

## III.    ARGUMENT

### A.    The Complaint's Allegations Must Be Taken As True and Plaintiff Must Be Afforded All Reasonable Inferences

"On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual

allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff.  The

district court should grant such a motion only if, after viewing plaintiff's allegations in this

favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief."  *Harris v. City of New York*, 186 F.3d 243, 247 (2d

Cir. 1999); *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).  "The

fundamental issue at the dismissal stage 'is not whether a plaintiff is likely to prevail ultimately,

but whether the claimant is entitled to offer evidence to support the claims.'"  *Phelps v.*

*Kapnolas*, 308 F.3d 180, 184-185 (2d Cir. 2002) (citations omitted).  Plaintiff easily meets this threshold.

**B.      Jurisdiction Before This Court Is Proper**

Desperate to avoid the jurisdiction of this Court, Defendants misstate the recourse available to the County in recovering unpaid hotel taxes.  Without any support in law or practice, Defendants argue that prior to filing suit, the County was required to furnish each Defendant with notice of a final tax assessment and afford them an administrative hearing before the County Treasurer.   Defendants also incorrectly contend that any recourse beyond an administrative hearing is limited to a state court review of the final tax determination pursuant to Article 78 of the CPLR.   No such requirements apply to Plaintiff or limit this Court's jurisdiction.

**1.      Enforcement of the Hotel Tax Laws Does Not Require the Exhaustion of Any Administrative Procedures or Remedies**

The principal flaw in Defendants' exhaustion argument is that there are no administrative procedures or remedies to exhaust in the County's Hotel Tax law, and Defendants' attempt to engraft administrative procedures and remedies from other tax provisions is devoid of legal support.

However, to the extent other County laws are instructive here, they indicate that exhaustion was not a prerequisite to commencing this action.  For example, Chapter 5, Title (B)(2) of the Nassau County Administrative Code ("Administrative Code"), entitled "Enforcement of Collection of Taxes by County Treasurer," does not direct the exhaustion of any administrative procedures or remedies prior to filing suit for the recovery of unpaid taxes. *See* Nassau Cty. Admin. Code ch. V, tit. B, art. 2 (2006).  For instance, §5-32 of Title (B)(2), entitled "Actions to recover unpaid taxes," specifically permits the Treasurer to recoup certain

5

unpaid taxes in an action upon contract.  Without imposing any administrative requirements, §5-32(a) provides, in relevant part, that:

> an action may be maintained by the County Treasurer, as upon contract, to recover the amount of an unpaid tax, penalties, and interest thereon, together with five per centum thereof, and interest from the time of such return at the rate of ten per centum per annum.

Nassau Cty. Admin. Code ch. V, tit. B, §5-32(a)*; see also U.S. v. General Douglas MacArthur Senior Village, Inc.*, 366 F.Supp. 302, 304 (E.D.N.Y. 1973) ("Section 5-32.0 of the Code authorizes the Nassau County Treasurer to bring a plenary action for the amount of taxes due, together with penalties and interest."), *aff'd*, 508 F.2d 377 (2d Cir. 1974).  Moreover, §5-32(b) adds that "[n]othing in such action shall be construed or held to repeal or abridge any other remedy or power given to the County for the collection of taxes on behalf of the County."

However, Defendants incongruously suggest the existence of certain exhaustion requirements based on regulations governing entertainment surcharges and harness horse race admissions taxes ("harness taxes").  *See* Def. Br. at 7; Nassau Cty. Admin. Code ch. IV, tit. B (governing harness horse race admissions taxes) and ch. V, tit. B., art. 3 (governing entertainment surcharges).  While those regulations have nothing to do with the Treasurer's administration or enforcement of the hotel tax laws, Defendants argue that they are relevant because Title 24, §3(B) of the Local Laws states that hotel taxes are "to be collected and administered by the County Treasurer by such means and in such manner as other taxes which are now collected and administered."  Def. Br. at 7.  Defendants' conclusion is groundless. Evidently, Defendants believe that this provision operates as a wholesale incorporation of the administrative provisions of every other Nassau tax statute into the County's Hotel Tax law. Needless to say, such an interpretation would be completely unworkable and Defendants read far too much into this isolated phrase.

First, the regulations governing harness taxes are of no import here as those taxes are administered by the County Comptroller, not the Treasurer.  *See* Nassau Cty. Admin. Code ch. IV, tit. B.  Second, Defendants incorrectly conflate the Treasurer's powers of collection and administration with enforcement.  The Administrative Code clearly differentiates those duties; Chapter 5, Title (B)(2) specifically pertains to the Treasurer's powers of enforcement.  *See also* Nassau Cty. Admin. Code ch. V, tit. B, §5-81 ("The Treasurer shall prepare regulations as he shall deem appropriate for the administration, collection and enforcement of the entertainment surcharge.").  Thus, there is no support for the implication that the Treasurer's **enforcement** powers over hotel taxes must mirror those governing entertainment surcharges.

In any event, the County is statutorily empowered to recover unpaid entertainment surcharges by commencing "an action . . . in **any court** of the State of New York or of any other state or of the United States."  Nassau Cty. Admin. Code ch. V, tit. B, §5-102 (emphasis added); *see also* Nassau Cty. Admin. Code ch. IV, tit. B, §4-2.8 (upon failure to pay harness taxes the County may commence "an action to enforce payment in any court of the State of New York or of any other state or of the United States.").  Therefore, assuming for argument's sake that the entertainment surcharge and harness tax statutes are relevant, they actually support the power of the County to commence this action to recover unpaid taxes.

Defendants also fail to recognize that the exhaustion requirements carved out for entertainment surcharges are the exception rather than the rule.  The regulations governing entertainment surcharges appear in an Article of Chapter V of the Administrative Code that is separate from the general provisions governing the Treasurer's collection, administration and enforcement of all other taxes.  *Compare*   Nassau Cty. Admin. Code ch. V, art. 2 *with* ch. V, art. 3; *see also* Nassau Cty. Admin. Code ch. V, tit. B, §5-24(2) (defining "tax" broadly to "include

7

taxes and assessments for benefit levied by or for . . . the County . . .").  Accordingly, there is no basis to transfer the requirements governing entertainment surcharges to hotel taxes.  To do so would violate the clear language of the Administrative Code.

A major underlying fallacy of Defendants' argument is that it assumes that there is a single, uniform way in which taxes are collected and administered in the County.  That is simply inaccurate.  The various County taxes are collected and administered in different ways.  For example, real property taxes are collected by the town and village receivers of taxes and remitted to the County Treasurer.  Mortgage taxes are collected by the County Clerk and remitted to the County Treasurer.  Harness taxes are administered by the County Comptroller.  Some statutes seem to contemplate an administrative challenge to tax assessments; others do not.  Thus, there is no universally applicable "means" or "manner" in which taxes are "collected and administered" in the County. The allegedly standardized "[t]ax collection procedures in Nassau County" (Def. Br. at 7) are entirely a product of Defendants' imagination.  Therefore, notwithstanding Defendants' contention to the contrary, §3(B) of the Local Laws cannot be read to incorporate this non-existent standard procedure into the County's Hotel Tax law.

If there is a unifying thread in the County's tax collection and administration, it is that tax collection and administration is *generally* overseen by the Treasurer and all tax revenue eventually comes to the Treasurer's Office.  To the extent the language in §3(B) refers to anything concrete, it can only be this generalized role of the Treasurer's Office.

Additionally, Defendants' demands for final tax determinations and administrative hearings are disingenuous.  Even if an administrative process were available here, it would clearly serve no practical purpose.  As Defendants appear to concede, any such proceeding would be conducted by the County Treasurer's Office.  *See* Def. Br. at 6-7.  Obviously, that

Office has already determined that Defendants owe these unpaid taxes as a matter of law and is not going to change its position via an administrative review process in which the Treasurer himself has the final say. Conversely, Defendants have taken the categorical position that they are not subject to and should not have to pay the tax. *See* Def. Br. at 9-14. There is thus no doubt that administrative proceedings would be a pure formality, would contribute nothing to resolving the issues now before this Court and would inevitably lead to judicial review in any case. Therefore, under well-established law, any exhaustion requirement is excused as futile. *In the Matter of Bethelite Cmty. Church, Great Tomorrows Elementary School v. Dep't of Envt'l Protection*, 797 N.Y.S.2d 707, 714 (Sup. Ct. N.Y. Cty. 2004) ("the rule of finality and exhaustion may be avoided if the administrative remedy available would be futile . . . Similarly, where the only question raised is a question of law . . . administrative remedies need not be exhausted.") (citations omitted); *Lehigh Portland Cement Co. v. New York State Dep't of Environmental Conservation*, 87 N.Y.2d 136, 140 (1995); *see also* Nassau Cty. Misc. Local Laws, tit. 24, §3(E) (indicating that the County's hotel tax is self-reporting).

### 2.     The County Is Not Limited to Article 78 Review

Defendants' reference to the judicial review limitations under Title 24, §7(A) of the Local Laws is misguided. Defendants misunderstand the function of special proceedings under Article 78. Article 78 review under §7(A) is available for **taxpayers** seeking to challenge final hotel tax determinations or obtain tax refunds; the **County** is not limited to such proceedings in recovering unpaid hotel taxes.

§7(A) states, in relevant part, the following:

Section 7. **Judicial Review**

A.     Any final determination of the amount of any tax payable hereunder shall be reviewable for error, illegality or unconstitutionality or any other reason

> whatsoever by a proceeding under article seventy eight of the Civil Practice Law and Rules if application therefor is made to the supreme court within thirty-days after the giving of the notice of such final determination . . .
>
> . . .
>
> B.       Where any tax imposed hereunder shall have been erroneously, illegally or unconstitutionally collected and application for the refund thereof duly made to the County Treasurer, and the County Treasurer shall have made a determination denying such refund, such determination shall be reviewable by a proceeding under article seventy-eight of the [CPLR], provided, however, that such proceeding is instituted within thirty days after the giving of the notice of such denial, that a final determination of tax due was not previously made, and that an undertaking is filed with the County Treasurer . . .

By the plain terms of this section, none of the grounds for Article 78 review pertain to the County's powers to commence an action to recoup hotel taxes.  Indeed, it would be senseless to require the County to legally challenge the propriety of its **own** determinations or to direct the County to file an undertaking with **itself** during the pendency of an Article 78 proceeding.  The interest in challenging governmental conduct lies with the aggrieved party, which in this case is the taxpayer.

"It is well settled that the purpose of article 78 proceedings is for persons to obtain relief from an aggrievement to them caused by some governmental action." *Rowe v. City of New York*, 615 N.Y.S.2d 959, 962 (Sup. Ct. N.Y. Cty. 1994) (citations omitted); *Morris v. New York City Employees' Retirement System*, 129 F.Supp.2d 599, 607-608 (S.D.N.Y. 2001) ("Article 78 creates a cause of action by which petitioners can challenge decisions by state administrative agencies in the State Supreme Court, and obtain "[r]elief previously obtained by writs of certiorari to review, mandamus or prohibition.  CPLR § 7801.").  Accordingly, the allowable grievances listed under §7(A) of the Local Laws are a reflection of the issues presentable under Article 78.

> Specifically, Article 78 allows an individual to bring an action in state court on the grounds that the agency or officer: (1) 'failed to perform a duty enjoined upon it by law;' (2) 'proceeded, is proceeding or is about to proceed without or in excess of jurisdiction;' (3) made a determination that was 'in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion ...;' or (4) made a determination after a hearing was held, and at which evidence was taken, that is not supported by substantial evidence. . . .

*NAUM v. City of New York*, No. 94 CIV. 5747, 1997 WL 539947, at *2 (S.D.N.Y. Aug. 28, 1997).

The authority cited by Defendants only lends further support for the use of Article 78 as a vehicle for taxpayers to challenge governmental actions. *See Harold Levinson Assocs., Inc. v. N.Y. State Dep't of Tax. & Fin.*, No. 603309/05, 2005 WL 3527658, at *2 (Sup. Ct. N.Y. Cty. Dec. 23, 2005) (business challenging State's suspension of its license as a cigarette stamp agent and wholesale cigarette dealer); *Curry v. N.Y. State Dep't of Tax. & Fin.*, 196 A.D.2d 422 (1st Dep't 1993) (individual challenging State's issuance of a Notice of Proposed Personal Income Tax Changes); *Bankers Trust Corp. v. New York City Dep't of Fin.*, 1 N.Y. 3d 315, 317 (2003) (business challenging City's denial of a tax refund); *see also* Nassau Cty. Admin. Code §§5-99-101 (limiting taxpayers to Article 78 review of entertainment surcharge determinations); Nassau Cty. Admin. Code §4-2.4 (limiting taxpayers to Article 78 review of harness tax determinations).

Further, Defendants' reliance on hotel tax cases brought by municipalities outside of New York State is misplaced.  The hotel tax laws at issue here and the requirements of Article 78 are unique to New York.  Also, at least two of the three dismissals relied on by Defendants involved municipalities that were statutorily mandated to exhaust certain administrative remedies prior to filing suit.  *City of Atlanta v. Hotels.com*, No. 2006-CV-114732, 2006 WL 3728957, at *2 (Ga. Super. Ct. Dec. 11, 2006) ("In view of the of the state's enabling statute, the City should have taken steps to engage Defendants to estimate the appropriate amount of taxes due and owing,

prior to filing suit."); *City of Philadelphia v. Hotels.com*, 2005 No. 860, 2006 WL 1520749, at *2 (Phila. Ct. Com. Pl. May 25, 2006) (finding the matter to be within the jurisdiction of the Tax Review Board).  No such limitation exists here.

## C.   Defendants Are Subject to the County's Hotel Tax

Title 24, §3(D) of the Local Laws states that hotel taxes "shall be paid by the person liable therefor to the owner of the hotel or motel room occupied **or to the person entitled to be paid the rent or charge for the hotel or motel room occupied for and on account of the County of Nassau** . . ."  Nassau Cty. Misc. Local Laws, tit. 24, §3(D) (emphasis added).  Thus, §3(D) clearly imposes an obligation to collect and remit hotel taxes on more than just hotel owners.  Indeed, the broad application of §3(D) is consistent with the legislative intent of Title 24 of the Local Laws, which is chiefly "to promote tourism and convention business in Nassau County," and not, as Defendants seem to suggest, to merely impose tax collection duties on hotel owners and operators.  *Id.* at §1.  As such, because Defendants collect hotel rents and charges (as well as hotel taxes), they are subject to the duties set forth in §3(D).  *See* Comp. at ¶¶31-32.

Unwilling to deal with the clear language and intent of §3(D), Defendants next turn to the State's enabling statute in support of their specious argument that §3(D) pertains solely to hotel owners and operators.  *See* Def. Br. at 9-10.   In doing so, Defendants claim support in the "legislative history" of N.Y. Tax §1202-q, relying primarily on a letter written by former Assemblyman, Thomas P. DiNapoli.  *See* Def. Br. at 9; Defendants' Request For Judicial Notice ("RJN") Ex. C at 1-3.  The referenced letter simply states that hotel occupancy taxes are "to be collected by the individual hotels and motels."  *Id.*

Assemblyman DiNapoli's letter, however, in no way overrides the unambiguous language of either §3(D) of the Local Laws or its enabling statute.  The fact remains that both

authorities direct that hotel taxes must be collected and remitted to the County by hotel owners **or** "the person entitled to be paid the rent or charge."  N.Y. Tax §1202-q(3); Nassau Cty. Misc. Local Laws, tit. 24, §3.  It is well-settled that in examining the legislative intent of a statute, a court must start with the language of the statute itself.  *See United States v. Lanier*, 520 U.S. 259, 267 n.6 (1997) ("legislative intent . . . is to be derived from the language and structure of the statute itself, if possible, not from the assertions of codifiers directly at odds with clear statutory language."); *Malta Town Centre I, Ltd. v. Town of Malta Bd. of Assessment Review*, 3 N.Y.3d 563, 568 (2004) ("we turn first to the plain language of the statutes as the best evidence of legislative intent.").  The relevant language here lends Defendants no support.

In construing the intent of §3(D) of the Local Laws and its enabling statute, this Court should apply the basic rule that words in a statute are to be given their "ordinary, contemporary, [and] common meaning."  *Williams v. Taylor*, 529 U.S. 420, 431 (2000); *Spina v. Department of Homeland Security*, 470 F.3d 116, 126 (2d Cir. 2006); *see also Price v. Price*, 69 N.Y.2d 8, 15-16 (1986); McKinney's Cons. Laws of N.Y., Book 1, Statutes §94 (2007).  Where, as here, the statute's language is unambiguous and its meaning is unequivocal, reliance on extrinsic legislative writings is inappropriate.  *See Whitfield v. United States*, 543 U.S. 209, 215 (2005); *Hayden v. Pataki*, 449 F.3d 305, 314-15 (2d Cir. 2006); *People v. Graham*, 55 N.Y.2d 144, 151 (1982).  "This is all the more so because 'there is no necessary correlation between what the draftsman of the text of a bill understands it to mean and what members of the enacting legislature understand.'"  *Graham*, 55 N.Y.2d at 151 (*quoting* 2A Sutherland, Statutory Construction [4th ed., Sands], §§ 48.09, 48.12); *see also Prudence-Bonds Corp. v. State Street Trust Co.*, 202 F.2d 555, 567 (2d Cir. 1953).  Accordingly, Defendants cannot change either the

13

meaning or effect of the clear language of §3(D) of the Local Laws or N.Y. Tax §1202-q by relying on a single sentence of one letter in support of the State's enabling statute.

Indeed, holding Defendants subject to the hotel tax laws supports the stated intent of the Legislature.  The plain language of Title 24 of the Local Laws evidences the County's intent to raise funds by imposing hotel tax collection and remittance duties on any entity "entitled to be paid the rent or charge" for a hotel or motel room**.**  *See* Nassau Cty. Misc. Local Laws, tit. 24, §§1, 3(D).  Excluding Defendants, a potentially great source of revenue for the County, would only frustrate the overriding purpose of the statute: to raise money for the County's travel and convention industry.  *Id.* at §1.

It must also be noted that Assemblyman DiNapoli's letter, dated July 25, 1994, was written before online hotel booking services came into existence.  *See* Comp. at ¶38.  The earliest internet-based hotel booking services did not begin operating until, at least, March 1, 1995.  *Id.*  Accordingly, it would be illogical to exempt Defendants based on Assemblyman DiNapoli's remarks, which could not have possibly been concerned with Defendants' services.  If anything, had the Legislature been aware of the coming prevalence of online sellers, it would have specifically named them as one of the entities responsible for the collection and remittance of hotel taxes.  Why would the County forego such a valuable source of tax revenue?

Additionally, Defendants ignore that where, as here, a statute is phrased in general terms, it may be construed to apply to situations that arise after its passage.  "Old laws apply to changed situations.  The reach of [an] act is not sustained or opposed by the fact that it is sought to bring new situations under its terms." *Browder v. U.S.*, 312 U.S. 335, 339 (1941).  Further, "[w]hen the Legislature by the use of general language has given an act a general application, the failure to specify particular cases which it shall cover does not warrant the court inferring that the

Legislature intended their exclusion."  McKinney's Cons. Laws of N.Y., Book 1, Statutes §74 (2007).  Thus, in light of its clear purpose and general application to any entity "entitled to be paid" for a hotel or motel room, there is simply no reason to excuse Defendants from the requirements of §3(D) of the Local Laws.  *See* Nassau Cty. Misc. Local Laws, tit. 24, §§1, 3(D).

    **1.**    **Defendants Are Persons "Entitled" to Receive Payments for Rooms Reserved Through Their Websites**

As stated above, the County's hotel tax does not apply solely to hotel owners and operators.  *See* Nassau Cty. Misc. Local Laws, tit. 24, §3(D).  Hotel taxes must be collected and remitted by any person "entitled" to receive payment for the hotel room.  *Id*.  Entitled is defined as being given "a right or legal title to."  *Black's Law Dictionary*, 6th Ed., West Publishing Company (1990).

In fact, Defendants are online sellers and/or resellers that "contract with hotels for rooms at negotiated discounted room rates."  Comp. at ¶¶25, 31.  Pursuant to these contracts, Defendants obtain possessory rights over those rooms.  Armed with those rights, Defendants then mark up the price of the rooms and resell them to consumers.  *Id.*  at ¶31.  Defendants' contention to the contrary simply ignores Plaintiff's well-pled Complaint.

Defendants concede that Title 24 of the Local Laws imposes responsibility for collection and remittance of local occupancy taxes upon any "person entitled to be paid the rent or charge for the hotel or motel room occupied," but argue that it is inapplicable to them because they are only entitled to "fees" rather than "rent" on rooms booked through their websites.  *See* Def. Br. at 10-12.  That argument is nothing more than meaningless wordplay.  Whether the payments collected from consumers are dubbed a "rent," "charge" or "fee" is inconsequential.  The important fact is that these payments are made to Defendants for the right to occupy the hotel rooms.  *See* Comp. ¶¶31-32.  Because Defendants are "entitled" to receive such payment from

15

the actual occupants of the hotel rooms, they are required to collect and remit the appropriate amounts of hotel tax on those rooms.

**2.     Hotel Taxes Are To Be Collected Based on the Full Amounts Paid by Consumers to Occupy the Rooms**

Title 24, §3(A) of the Local Laws states that there is one taxable amount "of three percent of the . . . rental rate of each room."  Nassau Cty. Misc. Local Laws, tit. 24, §3(A).  The "rental rate" is the gross amount actually paid by consumers for the right to occupy the hotel room.  *See* Comp. at ¶¶31-32.  It is this transaction that shall be the taxable event because the statute states that the tax "shall be paid by the person liable [for] . . . [the] room occupied" and that such tax shall be collected "from the person occupying the . . . room."  Nassau Cty. Misc. Local Laws, tit. 24, §3(D).

Nevertheless, Defendants seem to argue that hotel taxes must only be assessed on the wholesale price at which they obtain the room, and not on any additional "fees" charged to consumers.  *See* Def. Br. at 13.  Defendants' argument fails in light of the plain meaning of §3(A) of the Local Laws, which directs that hotel taxes be levied on the retail price paid by those who actually occupy the room, not the wholesale price at which a non-occupant reseller obtains the room.  *See* Nassau Cty. Misc. Local Laws, tit. 24, §3(A) (stating that tax is imposed on the "rental rate" of each room).   Further, §3(D) identifies only one taxable amount: "[s]uch tax shall be paid . . . to the owner . . . or to the person entitled to be paid the **rent or charge** …" Nassau Cty. Misc. Local Laws, tit. 24, §3(D) (emphasis added).

The phrase "rent or charge" also plainly includes any of Defendants' fees.  "Rent" is defined as "[c]onsideration paid for use or occupation of property.  In a broader sense, it is the compensation or **fee** paid."  *Black's Law Dictionary*, 6th Ed., West Publishing Company (1990) (emphasis added).  A "charge" is defined as "[t]he expenses which have been incurred . . . in

16

connection with a . . . business transaction." *Id.* Thus, the term "rent" encompasses "fees" as well. As such, §3(D)'s broad phrase "rent or charge" also includes payment of Defendants' "fees" – which, considering that Defendants' are sellers of the rooms, amount to nothing more than a payment to occupy the room (*i.e.* rent).

Defendants argue that principles of statutory construction requiring tax statutes to be construed "most strongly against the Government," support their position that they are not required to collect and remit hotel taxes on "fees." *See* Def. Br. at 12 (*quoting Gould v. Gould*, 245 U.S. 151, 153 (1917)). However, that rule only applies in cases where there is "doubt" as to the meaning of the tax statute. *See Gould*, 245 U.S. at 153; *American Locker Co. v. City of New York*, 308 N.Y. 264, 269 (1955). The rule is inapplicable here because: (1) the unambiguous language of Title 24 of the Local Laws requires hotel taxes to be collected and remitted by any party "entitled" to receive the "rent or charge;" and (2) holding Defendants subject to the hotel tax laws is consistent with the legislative intent of Title 24 of the Local Laws to raise revenue for the County.

### 3. The New York State Department of Taxation Advisory Opinion Does Not Apply to Defendants' Business Model

In March 2004, the New York State Department of Taxation and Finance issued an Advisory Opinion involving certain internet-based travel related service companies. *See* RJN, Ex. A at 1. The issue presented was "whether a company ("Travel Company") . . . acting as an intermediary between hotel operators and consumers to facilitate the booking of, and the payment for, hotel accommodations is required to collect New York State **sales tax** on payments made by consumers." *Id.* (emphasis added). For the reasons stated herein, the Advisory Opinion is irrelevant to the instant matter.

17

First, the Opinion does not deal with either the tax or level of government at issue here. The question presented to the Department of Taxation dealt with the collection of State **sales taxes**, not County **hotel taxes**. *Id*. Further, the Advisory Opinion applies to a different type of business. Unlike Defendants, "Travel Company" merely served as an advertiser that did not "acquire any possessory rights" in the hotel rooms. *Id*. at 2. Defendants, however, are online sellers and/or resellers that do obtain possessory rights over their hotel rooms and face inventory risk. Comp. at ¶¶ 25, 31-32. Lastly, the Opinion does not address situations where "Travel Company" purchases rooms at wholesale prices and then resells them at retail rates to consumers. The Opinion specifically warns that it "does not address whether the consumer may owe additional tax with respect to any portion of the total amount paid by the consumer to "Travel Company" for occupancy on which tax has not been collected or remitted by "Travel Company" or the hotel operator." RJN, Ex. A at 6.

Accordingly, Defendants mistakenly rely on the Advisory Opinion in support of their effort to disclaim the responsibility of collecting hotel taxes. *See* Def. Br. at 12. The Department of Taxation's Opinion simply did not deal with the particular tax law or business model at issue here.

### 4. The County's Registration Requirements Are Not Relevant to Whether Defendants Must Collect and Remit Occupancy Taxes

Title 24, §3(C) of the Local Laws requires that "every owner shall file with the County Treasurer a certificate of registration." Nassau Cty. Misc. Local Laws, tit. 24, §3(C). The registration portion of the statute is separate and aside from the collection and remittal portions. Also, it does not state that should another party exercise possessory rights over hotel rooms and sell those rooms they are exempt from the collection and remittance of hotel taxes. Indeed, the

language of §3(D) of the Local Laws expressly expands the responsibility of collecting and remitting hotel taxes to parties other than just hotel owners.

Further, neither the County's registration statement nor any of the relevant statutes bar Defendants from acting as agents of the hotel owners.  Under principles of agency law, an agent is defined as "[a] person authorized by another (principal) to act for or in the place of him; one intrusted with another's business."  *Black's Law Dictionary*, 6th Ed., West Publishing Company (1990).  Because Defendants are "entitled" to receive rental rates from consumers and have assumed authority and responsibility for providing hotel rooms, they are, at minimum, agents of the hotel owners.  *See Pelton v. 77 Park Ave. Condominium*, 825 N.Y.S.2d 28, 35 (1st Dep't 2006).  As such, Defendants owe a duty to the owners and are, thus, required to collect and remit hotel taxes on behalf of the owners.  *See, e.g.*, *id.*

**D.      Plaintiff's Common Law Claims Are Legally Sufficient**

Defendants' sole argument against Plaintiff's common law claims rests on the incorrect conclusion that they have no obligation to collect or remit hotel taxes.  *See* Def. Br. at 14-16. That argument fails because Defendants are, in fact, obligated to do both.

**1.      Plaintiff Adequately States a Claim for Conversion**

Under New York law, "conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights . . . This includes a denial or violation of the plaintiff's dominion, rights, or possession over her property."  *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-404 (2d Cir. 2006) (internal quotations and citations omitted).  Plaintiff easily meets this standard by pleading that Defendants exercised ownership over hotel taxes properly belonging to the County.  *See* Comp. at  ¶¶25-32.

Defendants' only contention is that they are not legally obligated to return the money in question to the County. *See* Def. Br. at 15. Defendants are incorrect. They are obligated to both collect and remit hotel taxes for the benefit of the County. *See supra* at 12-17; Nassau Cty. Misc. Local Laws, tit. 24, §3(D) (hotel taxes are to be collected "for and on account of the County of Nassau"). As such, Defendants' retention of those funds constitutes a conversion of property belonging to the County.

### 2.     Plaintiff Adequately States a Claim for Unjust Enrichment

"To plead an unjust enrichment claim under New York law, a plaintiff must allege that 1) the defendant was enriched; 2) the enrichment was at the plaintiff's expense; and 3) the circumstances are such that in equity and in good conscience the defendant should return the money or property to the plaintiff." *Allied Irish Banks, P.L.C. v. Bank of America, N.A.*, No. 03 Civ. 3748, 2006 WL 278138, at * 13 (S.D.N.Y. Feb. 2, 2006) (*citing Golden Pacific Bancorp v. F.D.I.C.,* 273 F.3d 509, 519 (2d Cir. 2001)). "Whether a party is unjustly enriched is a legal conclusion 'reached through the application of principles of equity.' *Sharp v. Kosmalski,* 40 N.Y.2d 119, 123, 386 N.Y.S.2d 72, 351 N.E.2d 721 (1976). Equity is the essential component with which a court must concern itself." *Counihan v. Allstate Ins. Co.*, 194 F.3d 357, 361-362 (2d Cir. 1999).

Plaintiff adequately alleges a claim for unjust enrichment based on Defendants' retention of hotel taxes rightfully owed to the County. *See* Comp. at ¶¶25-32. Defendants' contention that the enrichment was not at "Plaintiff's expense" (Def. Br. at 15) fails to recognize that hotel taxes are the property of the County. *See* Nassau Cty. Misc. Local Laws, tit. 24, §3(D) (hotel taxes are to be collected "for and on account of the County of Nassau"). Thus, because Plaintiff alleges

that Defendants collected hotel taxes (*see* Comp. at ¶¶ 25, 30-32), the unlawful retention of such funds necessarily resulted in unjust enrichment at Plaintiff's expense.

### 3.    Plaintiff Adequately States a Claim for a Constructive Trust

In New York four elements are generally required for the imposition of a constructive trust: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment."  *Counihan*, 194 F.3d at 361 (*citing Sharp v. Kosmalski*, 40 N.Y.2d 2d 119, 121 (1976)).  However, these elements should only be treated as guidelines.  The Second Circuit has explained that:

> New York Courts do not insist that a constructive trust must fit within the framework of these elements. . . . '[A]lthough these factors provide important guideposts, the constructive trust doctrine is equitable in nature and should not be "rigidly limited." . . . What the New York courts do insist upon is a showing that property is held under circumstances that render unconscionable and inequitable the continued holding of the property and that the remedy is essential to prevent unjust enrichment.

*Id.* at 362 (citations omitted).  "A constructive trust is an equitable remedy, necessarily flexible to accomplish its purpose.  Its purpose is to prevent unjust enrichment . . . What is necessary is that the courts identify a party who is holding property 'under such circumstances that in equity and good conscience he ought not to retain it.'"  *Id.* at 361 (citations omitted); *see also id.* at 362 ("the lack of a fiduciary relationship does not defeat the imposition of a constructive trust").

The imposition of a constructive trust is warranted here because Defendants, who are statutorily obligated to remit hotel taxes, have instead chosen to unjustly retain those funds.  Under these circumstances, equity and good conscience warrant remittance of those monies to the County.  Once again, Defendants' claim that they are not obligated to collect or remit hotel taxes is wrong.  *See supra* at 12-17.

Even if, assuming *arguendo*, Defendants were not required to collect hotel taxes, to the extent they actually did, there is no reason, legal or otherwise, to permit Defendants to keep those funds.   Indeed, that would plainly legalize (even encourage) theft of taxpayer money. Accordingly, irrespective of Defendants' duty to collect, because Defendants actually did collect hotel taxes (*see* Comp. at ¶¶ 25, 30-32), equity demands the imposition of a constructive trust in favor or the rightful holder, the County.   *See* Nassau Cty. Misc. Local Laws, tit. 24, §3(D).

**E.     Plaintiff Adequately Alleges Fraudulent Concealment**

To toll a statute of limitations due to fraudulent concealment a plaintiff must show that "(1) the defendant concealed from her the existence of her cause of action during the statutory period, (2) she commenced the action within the statutory period from the time that she became aware of her claim, and (3) her continuing ignorance was not attributable to lack of diligence on her part."   *Council v. Better Homes Depot, Inc.*, No. 04 CV 5620, 2006 WL 2376381, at *8 (E.D.N.Y. Aug. 16, 2006) (*citing State of New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1083 (2d Cir. 1988)).   "[New York's] standard for equitable tolling is substantially similar to the federal standard."   *Id.* at *11.

However, Defendants neglect to mention that the "the Second Circuit 'has adopted the more lenient standard requiring plaintiffs to prove concealment by showing *either* that the defendants took affirmative steps to prevent plaintiffs' discovery of the conspiracy, or that the conspiracy itself was inherently self-concealing.'"   *In re: Issuer Plaintiff Initial Public Offering Antitrust Litig.*, No. 00 Civ. 7804, 2004 WL 487222, at *4 (S.D.N.Y. Mar. 12, 2004).   While a plaintiff alleging fraudulent concealment "ordinarily must meet the particularity standard of Rule 9(b)[,] [w]hen an alleged violation is inherently self-concealing, an assertion of such a scheme is sufficient and a plaintiff need not plead any affirmative actions by a defendant." *In re Natural*

22

*Gas Commodity Litig.,* 337 F.Supp.2d 498, 513-14 (S.D.N.Y. 2004) (citations omitted).

Plaintiff adequately establishes that Defendants' failure to remit hotel taxes was inherently self-concealing.  Because hotel taxes are self-reporting, the County had no way of knowing the shortfall of Defendants' tax remittances.  Nassau Cty. Misc. Local Laws, tit. 24, §3(E) (indicating that the County's hotel tax is self-reporting); Comp. at ¶¶31-32 (describing Defendants' hidden retention of hotel taxes); *see also S.E.C. v. Jones*, No. 05 Civ. 7044, 2006 WL 1084276, at *6 (S.D.N.Y. Apr. 25, 2006) (allegations of the defendants' non-disclosure deemed adequate to show conduct was inherently self-concealing); *McAnaney v. Astoria Financial Corp.*, 357 F.Supp.2d 578, 587 (E.D.N.Y. 2005) (Spatt, J.) (finding equitable tolling appropriate on claim that "the Defendants collect the charges and fees and then return some, but not all, of the money owed without advising the Plaintiffs that any monies were charged in error").  Given that Defendants' scheme was self-concealing, it is settled that Plaintiff need not plead any further actions by Defendant.  *See In re Natural Gas Commodity Litig.,* 337 F.Supp.2d at 513-14; *In re: Issuer Plaintiff Initial Public Offering Antitrust Litig.*, 2004 WL 487222, at *4. "Whether the Defendants actually engaged in any fraudulent activity or concealment is better raised after discovery has been completed."  *McAnaney*, 357 F.Supp.2d at 587.

The only other requirement is that Plaintiff must allege that it remained "unaware of the violation" and that such "ignorance . . . was not a result of due diligence."  *Natural Gas Commodity Litig.,* 337 F.Supp.2d at 513-14; *Jones*, 2006 WL 1084276, at *6; *see also Council*, 2006 WL 2376381, at *11 (stating the New York equivalent).  Plaintiff alleges, in relevant part, that:

> Defendants have fraudulently concealed from the Class the true amount of the hotel taxes collected but not remitted to the Class members . . . Defendants' unlawful actions were wrongfully concealed and carried out in a manner which

precluded detection.   Defendants conducted activities in furtherance of its attempts to unlawfully withhold hotel taxes due and owing to the Class members.

Comp. at ¶¶38-39.   Thus, similar to *Natural Gas*, *Jones* and *McAnaney*, Plaintiff easily clears this final hurdle by alleging that Defendants' actions precluded detection.  *See In re Natural Gas Commodity Litig.,* 337 F.Supp.2d at 514; *Jones*, 2006 WL 1084276, at *6; *McAnaney*, 357 F.Supp.2d at 587.   To the extent there are any questions of fact about whether Plaintiff should have discovered these facts, "such determination is inappropriate on a motion to dismiss."  *In re: Issuer Plaintiff Initial Public Offering Antitrust Litig.*, 2004 WL 487222, at *5.

In any event, Defendants' motion to strike is improper.   Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "[A] motion to strike is an extraordinary remedy . . . As such, it will not be granted unless it is clear that the allegations in question have no possible bearing on the subject matter of the litigation."  *Chacko v. Dynair Services Inc.*, No. 96 CV 2220, 1998 WL 199866, at *1 (E.D.N.Y. Mar. 15, 1998) (*citing Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir.1976)); *Duff v. Commissioner of the Suffolk County Police Dep't*, No. 04-CV-1568, 2006 WL 2689547, at *1 (E.D.N.Y. Sep. 19, 2006).

Defendants forward no colorable argument in support of this extraordinary remedy.   At most, Defendants (wrongly) suggest that Plaintiff failed to adequately plead fraudulent concealment.  *See* Def. Br. at 16.   That, however, is a far cry from establishing, as required, that the challenged matter is so irrelevant it can have no bearing on this litigation.   Defendants do not even attempt to satisfy such a showing.   Accordingly, Defendants' motion to strike Plaintiff's allegation of fraudulent concealment is inadequate and should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants'

Motion to Dismiss in its entirety and allow this case to proceed.  In the event that Defendants'

Motion is granted, Plaintiff respectfully requests that this Court grant the County leave to

replead.

DATED:  March 20, 2007

ZWERLING, SCHACHTER & ZWERLING, LLP


By:    /s/ Robert S. Schachter
Robert S. Schachter (RS-7243)
ZWERLING, SCHACHTER & ZWERLING, LLP
990 Stewart Avenue, Suite 600
Garden City, NY 11530
Telephone:  (516) 832-9600
Facsimile:  (516) 832-9605
rschachter@zsz.com

Joseph Lipofsky (JL-0971)
Paul Kleidman (PK-5209)
David R. Kromm (DK-9118)
ZWERLING, SCHACHTER & ZWERLING, LLP
41 Madison Avenue
New York, NY  10010
Telephone:  (212) 223-3900
Facsimile:  (212) 371-5969
jlipofsky@zsz.com
pkleidman@zsz.com
dkromm@zsz.com

***Special Counsel to Plaintiff***
***County of Nassau, New York***

Lorna Goodman (LG-0561)
Nassau County Attorney
Office of the Nassau County Attorney
1 West Street
Mineola, NY 11501
Telephone:  (516) 571-3056
lgoodman@nassaucountyny.gov

Peter J. Clines (PC-7661)
Chief, Bureau of Affirmative Litigation
Office of the Nassau County Attorney
1 West Street
Mineola, NY 11501
Telephone:  (516) 571-3015
pclines@nassaucountyny.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, the Eastern District's Rules on Electronic Service, and by U.S. mail, upon the following parties and participants:

| | |
|---|---|
| Matthew D'Amore<br>**MORRIS & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, NY 10104-0050<br><br>Attorneys for Defendants Site59.com, LLC;<br>Travelocity.com, Inc.; Travelocity.com LP;<br>Orbitz, Inc.; Orbitz, LLC; Internetwork<br>Publishing Corp. (d/b/a/ Lodging.com); Trip<br>Network, Inc. (d/b/a Cheap Tickets.Com);<br>Travelport Inc. (f/k/a Cendant Travel<br>Distribution Services Group, Inc.); Hotels.com,<br>L.P.; Hotels.com GP, LLC; Hotwire, Inc.;<br>Expedia, Inc.; TravelNow.com, Inc.; and<br>Maupintour Holding, LLC. | Susan L. Saltzstein<br>**SKADDEN, ARPS , SLATE MEAGHER<br>& FLOM LLP**<br>4 Times Square<br>New York, NY 10036-6522<br><br>Attorneys for Defendants priceline.com, Inc.;<br>Lowestfare.com, Inc.; and Travelweb, LLC. |
| David F. McDowell<br>**MORRISON & FOERSTER**<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013-1024<br><br>Attorneys for Defendants Travelocity.com LP;<br>Travelocity.com, Inc.; and Site59.com, LLC. | Paul E. Chronis<br>Elizabeth B. Herrington<br>**MCDERMOTT WILL & EMERY LLP**<br>227 West Monroe<br>Chicago, IL 60606-5096<br><br>Attorneys for Defendants Orbitz, Inc.; Orbitz,<br>LLC; Internetwork Publishing Corp. (d/b/a/<br>Lodging.com); Trip Network, Inc. (d/b/a<br>Cheap Tickets.Com); and Travelport Inc. (f/k/a<br>Cendant Travel Distribution Services Group,<br>Inc.). |
| James P. Karen<br>Deborah S. Sloan<br>**JONES DAY**<br>2727 North Harwood Street<br>Dallas, TX 75201<br><br>Attorneys for Defendants Expedia, Inc.; | Darrel J. Hieber<br>**SKADDEN, ARPS, SLATE, MEAGER<br>& FLOM LLP**<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, NY 90071-3144<br><br>Attorneys for Defendants priceline.com, Inc.; |

| Hotels.com, LP; Hotels.com GP, LLC; Hotwire, Inc.; and TravelNow.com, Inc. | Lowestfare.com, Inc.; and Travelweb LLC. |
|---|---|
| Karen L. Valihura<br>**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**<br>One Rodney Square<br>P. O. Box 636<br>Wilmington, DE 19899<br><br>Attorneys for Defendants priceline.com, Inc.; Lowestfare.com, Inc.; and Travelweb LLC. | John D. Pernick<br>**BINGHAM MCCUTCHEN LLP**<br>Three Embarcadero Center<br>San Francisco, CA 94111<br><br>Attorneys for Defendant Maupintour Holding, LLC. |

DATED:  March 20, 2007

By:   /s/ Robert S. Schachter
Robert S. Schachter (RS-7243)
ZWERLING, SCHACHTER & ZWERLING, LLP
990 Stewart Avenue, Suite 600
Garden City, NY 11530
Telephone:  (516) 832-9600
Facsimile:  (516) 832-9605
rschachter@zsz.com